UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

FREDERICK O. SILVER,                         REPORT, RECOMMENDATION
                            Plaintiff,         AND ORDER

v.                                           21-CV-000319(LJV)(JJM)

JEFFREY A. HAUSER, *et al.*,

                            Defendants.
_____

        Plaintiff Frederick O. Silver seeks relief in this action pursuant to the Fair Debt Collection Practices Act, 15 U.S.C. §1692 *et seq*., and the Texas Finance Code. Complaint [1].[1] The action has been assigned to me by District Judge Lawrence J. Vilardo for supervision of pretrial proceedings [34]. The following are my rulings on the pending motions, addressed in chronological order:

        <u>Defendants' motion to dismiss [13]</u> - I recommend that the motion be denied, without prejudice, since the declaration in support of the motion [13-2] is not made under penalty of perjury, as required by 28 U.S.C. §1746, and the letter exhibits [13-5, 13-6, 13-7] are not properly authenticated by someone having personal knowledge of their contents.

        <u>Plaintiff's motion for sanctions [15]</u> - Plaintiff seeks sanctions against defendants' attorney Glenn Fjermedal for failure to timely file the Disclosure Statement required by Fed. R. Civ. P. ("Rule") 7.1. Rule 11(c)(2) provides that the sanctions motion "must not be filed, or be presented to the court, if the challenged paper . . . is appropriately corrected within 21 days after service or within another time the court sets". The sanctions motion was filed on April 27, 2021.

---

[1]     Bracketed references are to CM/ECF docket entries, and page references are to CM/ECF pagination.

The Disclosure Statement was filed on April 29, 2021 [17] and amended on May 5, 2021 [23], both dates within 21 days after the date of the sanctions motion. Therefore, the motion [15] is denied.

<u>Plaintiff's Motion to Strike [22]</u> - This motion is granted to the extent of striking Glenn Fjermedal's Declaration [13-2] for reasons discussed above, and is otherwise denied.

<u>Plaintiff's Request to Bar Glenn Fjermedal from Referring to Him as "Pro Se / Pro Se Plaintiff, 'Frederick O. Silver', or 'Mr. Silver'" [26]</u> - The short answer to this request is that plaintiff *is* acting *pro se*. Although he admits that he "is not proceeding in this Case with an attorney licensed to practice Law", plaintiff argues that he "is proceeding through [his] authorized representative or undersigned Counsel of record, Silver Frederick who is One of the People of the United States of America". Request [26] at 1. However, he signed the Complaint as "Frederick O. Silver" ([1] at 7), and there is no record of anyone by the name of Silver Frederick having been admitted to practice before this court. "A natural person can appear in federal court in only one of two ways: *pro se* or as represented by an attorney at law admitted to practice before the particular court in question." <u>Miles v. Warden, Marion Correctional Institution</u>, 2016 WL 6947931, *6 (S.D. Ohio 2016), <u>supplemented</u>, 2017 WL 274733 (S.D. Ohio 2017), <u>adopted</u>, 2017 WL 749190 (S.D. Ohio 2017). Therefore, the request is denied.

<u>Plaintiff's Motion to Strike [28]</u> - This motion is directed to Glenn Fjermedal's Declaration [24] submitted in opposition to plaintiff's motion to strike his earlier unsworn Declaration. Since the Fjermedal Declaration [24] is not sworn to under penalty of perjury, as required by 28 U.S.C. §1746, this motion is granted.

<u>Plaintiff's Motion for Mandatory Recusal or Disqualification [41]</u> - Plaintiff argues that by telling him to "think long and hard" before moving to amend his Complaint, I

have displayed bias which warrants my recusal or disqualification. In considering this motion, I am "not precluded from putting the facts alleged into their proper context and examining the surrounding circumstances". United States v. El-Gabrowny, 844 F. Supp. 955, 959 (S.D.N.Y. 1994).

I cautioned plaintiff in response to his Notice of Intent to File an Amended Complaint [33], which stated that he "intents [*sic*] to amend its complaint to include fraud and bad faith as it believes Glenn M. Fjermedal, Esq. with the original defendants had advanced documents expecting another person to rely on them which where they would surrender money, property or rights that they had to know were false". Id. at 1. I merely acknowledged the well established principle that "[a]ccusations of fraud are serious ones to make and they should not be made lightly . . . because they may damage a defendant's reputation regardless of the cause of action in which they appear." United States v. Allstate Ins. Co., 2014 WL 10748104, *5 (W.D.N.Y. 2014), adopted, 2016 WL 463732 (W.D.N.Y. 2016), aff'd, 853 F.3d 80 and 686 Fed. App'x 23 (2d Cir. 2017). I have not prejudged any motion which plaintiff intends to make, and will give it careful consideration if and when it is made. If plaintiff takes issue with my recommendation on that motion, he may seek review by District Judge Vilardo.

"The judge presiding over a case is in the best position to appreciate the implications of those matters alleged in a recusal motion . . . . Litigants are entitled to an unbiased judge; not to a judge of their choosing. A judge is as much obliged not to recuse himself when it is not called for as he is obliged to when it is." In re Drexel Burnham Lambert Inc., 861 F.2d 1307, 1312 (2d Cir. 1988). Having carefully considered plaintiff's concerns, I do not believe that my impartiality can reasonably be questioned. Therefore, this motion is denied.

**CONCLUSION**

For these reasons:

-- I recommend that defendants' motion to dismiss [13] be denied, without prejudice;

-- plaintiff's motions for sanctions [15], to bar reference to him as *pro se* [26], and for recusal or disqualification [41] are denied;

-- plaintiff's motion to strike [22] is granted in part and denied in part; and

-- plaintiff's motion to strike [28] is granted.

Unless otherwise ordered by Judge Vilardo, any objections to this Report, Recommendation and Order must be filed with the clerk of this court by July 6, 2021. Any requests for extension of this deadline must be made to Judge Vilardo. A party who "fails to object timely . . . waives any right to further judicial review of [this] decision". Wesolek v. Canadair Ltd., 838 F. 2d 55, 58 (2d Cir. 1988); Thomas v. Arn, 474 U.S. 140, 155 (1985).

Moreover, the district judge will ordinarily refuse to consider *de novo* arguments, case law and/or evidentiary material which could have been, but were not, presented to the magistrate judge in the first instance. Patterson-Leitch Co. v. Massachusetts Municipal Wholesale Electric Co., 840 F. 2d 985, 990-91 (1st Cir. 1988).

The parties are reminded that, pursuant to Rule 72(b) and (c) of this Court's Local Rules of Civil Procedure, written objections shall "specifically identify the portions of the proposed findings and recommendations to which objection is made and the basis for each objection . . . supported by legal authority", and must include "a written statement either certifying that the objections do not raise new legal/factual arguments, or identifying the new

-5-

arguments and explaining why they were not raised to the Magistrate Judge".  Failure to comply with these provisions may result in the district judge's refusal to consider the objections.

Dated: June 17, 2021

/s/Jeremiah J. McCarthy
JEREMIAH J. MCCARTHY
United States Magistrate Judge
