UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

FREDERICK O. SILVER,

   Plaintiff,

 v.              21-CV-319-LJV-JJM
                  DECISION & ORDER
JEFFREY A. HAUSER, *et al.*,

   Defendants.

---

On February 26, 2021, the *pro se* plaintiff, Frederick O. Silver, commenced this action under the Fair Debt Collection Practices Act and the Texas Finance Code. Docket Item 1. On April 23, 2021, the defendants moved to dismiss. Docket Item 13. Silver then moved for sanctions, Docket Item 15, and to strike the defendants' motion to dismiss, Docket Item 22. On May 17, 2021, the defendants responded to Silver's motion to strike. Docket Item 24. And on May 27, 2021, Silver responded to the motion to dismiss. Docket Item 32.

In the meantime, Silver moved for an order barring defendants' counsel from referring to him "as Pro Se / Pro Se Plaintiff 'Frederick O. Silver', [sic] or 'Mr. Silver.'" Docket Item 26. Two days later, he moved to strike defense counsel's declaration filed as Docket Item 24. *See* Docket Items 28, 30.

On June 1, 2021, this Court referred this case to United States Magistrate Judge Jeremiah J. McCarthy for all proceedings under 28 U.S.C. § 636(b)(1)(A) and (B). Docket Item 34. A week later, Silver filed a "motion to withdraw consent [sic]" to Judge McCarthy's jurisdiction. Docket Item 38. Two days after this Court denied that motion

because no consent was needed—and none was ever given—for the referral to Judge McCarthy, see Docket Item 40, Silver filed a motion "for [Judge McCarthy's] mandatory [sic] recusal or disqualification," Docket Item 41.

On June 17, 2021, Judge McCarthy issued a Report, Recommendation, and Order ("RR&O"). Docket Item 42. He recommended that the defendants' motion to dismiss be denied without prejudice, noting procedural deficiencies in the defendants' papers submitted in support of that motion. Id. at 1. Judge McCarthy denied Silver's motions for sanctions and for an order barring defense counsel from referring to Silver as pro se. Id. at 1-2. He also denied Silver's motion for mandatory recusal or disqualification. Id. at 2-3. Finally, Judge McCarthy granted Silver's first motion to strike with respect to defense counsel's declaration filed as Docket Item 13-2, as well as Silver's second motion to strike defense counsel's declaration filed as Docket Item 24. Id. at 2.

On June 23, 2021, during a scheduling conference before Judge McCarthy, both sides advised that they did not intend to object to the RR&O. Docket Item 45 ("The parties indicate[d] that they do not intend to file objections to the June 17th Report and Recommendation."). In any event, the time to object now has expired.

A district court may accept, reject, or modify the findings or recommendations of a magistrate judge. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3). The court must review de novo those portions of a magistrate judge's recommendation to which a party objects. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3). But neither 28 U.S.C. § 636 nor Federal Rule of Civil Procedure 72 requires a district court to review the

recommendation of a magistrate judge to which no objections are raised. *See Thomas v. Arn*, 474 U.S. 140, 149-50 (1985).

Although not required to do so in light of the above, this Court nevertheless has reviewed Judge McCarthy's RR&O as well as the parties' submissions to him. Based on that review and the absence of any objections, the Court accepts and adopts Judge McCarthy's recommendation.

For the reasons stated above and in the RR&O, the defendants' motion to dismiss, Docket Item 13, is DENIED without prejudice. The case is referred back to Judge McCarthy for further proceedings consistent with the referral order of June 1, 2021, Docket Item 34.

SO ORDERED.

Dated: July 7, 2021
Buffalo, New York

_____
LAWRENCE J. VILARDO
UNITED STATES DISTRICT JUDGE