UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

_____

FREDERICK O. SILVER,

        Plaintiff,

    v.

JEFFREY A. HAUSER, *et al.*,

        Defendants.

_____

21-CV-319-LJV-JJM
DECISION & ORDER

On February 26, 2021, the *pro se* plaintiff, Frederick Silver, commenced this

action against Capital Management Services ("CMS") and four CMS employees.

Docket Item 1.  He alleged that the defendants violated the Fair Debt Collection

Practices Act ("FDCPA") and Texas state law by trying to collect a credit card debt that

Silver owed to Barclays Bank Delaware.  *See id.*

On June 21, 2021, the case was referred to United States Magistrate Judge

Jeremiah J. McCarthy for all proceedings under 28 U.S.C. § 636(b)(1)(A) and (B).

Docket Item 34.  About two weeks later, the defendants moved to dismiss the

complaint.  Docket Item 56.  Judge McCarthy converted that motion into a motion for

summary judgment, Docket Item 69, and on December 13, 2021, he issued a Report

and Recommendation ("R&R") finding that the defendants' motion for summary

judgment should be granted, Docket Item 79.

On September 12, 2022, this Court adopted that recommendation in part.

Docket Item 96.  More specifically, this Court dismissed Silver's state law claims, some

of his FDCPA claims, and his claims against the CMS employees.  *See id.*  But this

Court found that Silver's FDCPA claim against CMS challenging its verification of his debt could proceed. *See id.*

The day after this Court issued its decision, Silver moved to amend his complaint. Docket Item 97. On September 14, 2022, Judge McCarthy issued an R&R recommending that Silver's motion to amend be denied without prejudice. Docket Item 98. Silver did not object to that R&R; instead, he filed a second motion to amend his complaint. Docket Item 101. That motion remains pending before Judge McCarthy.

Silver then moved for discovery, Docket Item 104, and he subsequently appealed Judge McCarthy's decision denying that motion, Docket Item 107. He also twice asked this Court to certify its decision on the defendants' summary judgment motion for interlocutory appeal. Docket Items 102, 108. Finally, Silver asked this Court to "direct[] the defendant to file an answer to the complaint in accordance with the Federal Rules of Civil Procedure." Docket Item 100 at 1 (capitalization removed).

For the reasons that follow, this Court accepts and adopts Judge McCarthy's R&R and denies Silver's first motion to amend his complaint. Silver's requests that this Court certify its decision for interlocutory appeal are denied, and Silver's appeal of Judge McCarthy's discover order also is denied. Finally, Silver's motion to set an answer deadline is denied as well.

**DISCUSSION**[1]

I.   **MOTION TO AMEND AND MOTION TO SET ANSWER DEADLINE**

The day after this Court issued its decision granting the defendants' motion for summary judgment in part and denying it in part, Silver moved to amend his complaint. Docket Item 97.  On September 14, 2022, Judge McCarthy issued an R&R recommending that Silver's motion to amend be denied without prejudice because he did not attach a proposed amended complaint to his motion.  Docket Item 98.  The parties did not object to the R&R, and the time to do so now has expired.  *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(2).

A district court may accept, reject, or modify the findings or recommendations of a magistrate judge.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3).  The court must review *de novo* those portions of a magistrate judge's recommendation to which a party objects.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3).  But neither 28 U.S.C. § 636 nor Federal Rule of Civil Procedure 72 requires a district court to review the recommendation of a magistrate judge to which no objections are raised.  *See Thomas v. Arn*, 474 U.S. 140, 149-50 (1985).

Although not required to do so in light of the above, this Court nevertheless has reviewed Judge McCarthy's R&R as well as Silver's submissions to him.  Based on that review and the absence of any objections, and because Silver now has renewed his motion to amend and attached a proposed amended complaint to that renewed motion,

---

[1] The Court assumes familiarity with the facts set out in its prior decision, Docket Item 96 at 2-4, as well as the procedural history of this case.

*see* Docket Item 101, this Court accepts and adopts Judge McCarthy's recommendation and denies Silver's first motion to amend.

Silver also has asked this Court to set a deadline for CMS to answer the complaint.  Docket Item 100.  Because Silver's second motion to amend remains pending before Judge McCarthy, that motion is denied without prejudice.  This Court leaves to Judge McCarthy further decisions on case management deadlines after that second motion to amend is resolved.

## II.   REQUESTS TO CERTIFY THIS COURT'S DECISION FOR INTERLOCUTORY APPEAL

After this Court issued its decision granting in part and denying in part the defendants' motion for summary judgment, Silver twice asked this Court to certify that decision for interlocutory appeal.  Docket Items 102, 108.  More specifically, he seeks the Second Circuit's guidance on the sufficiency of a "business records affidavit as regards to verification/validation of the debt by a debt collector who does not own the debt."  Docket Item 102 at 3 (capitalization removed).  He also seeks to appeal this Court's decision regarding the adequacy of CMS's initial communications regarding the debt.[2]  Docket Item 108.

Under 28 U.S.C. § 1292(b), a district court may certify an order for interlocutory appeal where the order "involves a controlling question of law as to which there is substantial ground for difference of opinion" if an interlocutory appeal would "materially

---

[2] In that second request, Silver also asked this Court to take judicial notice of various facts that he says are relevant to his FDCPA claims.  Docket Item 108.  It is unclear why Silver wants this Court to take judicial notice of that information, and that information has no bearing on whether this Court's prior order is suitable for interlocutory appeal.  Silver's request for judicial notice therefore is denied.

advance the ultimate termination of the litigation."  "A question of law is controlling if reversal of the district court's order would terminate the action."  *Youngers v. Virtus Inv. Partners Inc.*, 228 F. Supp. 3d 295, 298 (S.D.N.Y. 2017) (alterations and internal quotation marks omitted).  And that question of law must be one "that the reviewing court could decide quickly and cleanly without having to study the record."  *Id.* "Interlocutory appeals are presumptively disfavored," and "even when the elements of section 1292(b) are satisfied, the district court retains unfettered discretion to deny certification."  *Garber v. Off. of Comm'r of Baseball*, 120 F. Supp. 3d 334, 337 (S.D.N.Y. 2014) (internal quotation marks omitted).

In its prior decision, this Court dismissed some but not all of Silver's claims. Docket Item 96.  Silver apparently asks to appeal only part of that decision—that is, certain portions of this Court's reasoning.[3]  So an interlocutory appeal and any subsequent reversal would not terminate this case; instead, it would result in the sort of piecemeal litigation that courts should avoid when deciding whether to certify an order for interlocutory review.  *See Century Pac., Inc. v. Hilton Hotels Corp.*, 574 F. Supp. 2d 369, 372 (S.D.N.Y. 2008) ("While reversal of [the court's] Order may very well simplify this action or alter its course, that result would be no different from any case where a court granted summary judgment on a set of claims and denied summary judgment with respect to the counterclaims."); *see generally In re Flor*, 79 F.3d 281, 284 (2d Cir. 1996) ("[U]se of [the interlocutory appeal] certification procedure should be strictly limited

---

[3] What is more, Silver's second request for interlocutory appeal focuses on an issue not addressed in this Court's prior decision: the alleged untimeliness of CMS's response to Silver's letter requesting verification of his debt.  Docket Item 108 at 1-2. Because this Court has not addressed that question, it clearly is not appropriate for interlocutory appeal.

because only exceptional circumstances will justify a departure from the basic policy of postponing appellate review until after the entry of a final judgment." (alterations, citation, and internal quotation marks omitted)).  Silver's requests for this Court to certify its prior decision for interlocutory review, Docket Items 102 and 108, therefore are denied.

### III.    APPEAL OF DISCOVERY ORDER

Finally, Silver has appealed Judge McCarthy's order denying Silver's "motion for leave to take limited discovery on [CMS] prior to a Rule 26(f) conference."  Docket Item 107 at 1 (capitalization removed); Docket Item 105; Docket Item 104.  In that motion, Silver sought to discover the identities of the "individual(s) who specifically mailed [Silver] the letters" related to his credit card debt, and who Silver had named as John or Jane Doe defendants in his proposed amended complaint.  Docket Item 104 at 1 (capitalization removed).  Judge McCarthy denied Silver's motion because this Court had dismissed the individual defendants in its prior order and because Silver's motion to amend his complaint remains pending.  Docket Item 105.

Silver objects to that decision and says that without discovery, he "will be unable to identify the individual(s) with sufficient particularity who mailed [him] the 2 letters seeking payment of an invalid debt."  Docket Item 107 at 3 (capitalization removed).  But that puts the cart before the horse:  Because Silver's motion to amend remains pending before Judge McCarthy, those individuals are not yet named as defendants in this case.[4]  So depending on the resolution of Silver's motion, the early discovery he

---

[4] For that reason, Silver's reliance on cases allowing early discovery "to learn the identity of Doe defendants" is inapposite.  *See* Docket Item 104 at 2.

seeks might well prove unnecessary.  If Silver's motion to amend his complaint to add those defendants is granted, he may pursue discovery to learn their identities.  *See generally Guzman v. McCarthy*, 2022 WL 630873, at *2 n.3 (N.D.N.Y. Mar. 4, 2022) ("Under normal circumstances, when a pro se plaintiff includes Doe defendants together with named defendants" in a complaint, "the plaintiff pursues discovery to identify the Doe defendants.").

For that reason, Judge McCarthy's decision was not "clearly erroneous or contrary to law."  28 U.S.C. § 636(b)(1)(A).  Silver's appeal of that decision therefore is denied.

## CONCLUSION

For the reasons stated above, Silver's first motion to amend, Docket Item 97, his motion to set an answer deadline, Docket Item 100, his requests to certify this Court's prior decision for interlocutory appeal, Docket Items 102 and 108, and his appeal of Judge McCarthy's discovery order, Docket Item 107, are DENIED.  The case is referred back to Judge McCarthy for further proceedings consistent with the referral order of June 1, 2021, Docket Item 34.

SO ORDERED.

Dated:   April 24, 2023
          Buffalo, New York


     */s/ Lawrence J. Vilardo*
     LAWRENCE J. VILARDO
     UNITED STATES DISTRICT JUDGE

7