UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

_____

FREDERICK O. SILVER,

                         Plaintiff,                    **ORDER**

v.                                                   1:21-cv-00319(LJV)(JJM)

CAPITAL MANAGEMENT SERVICES, LP,

                         Defendant.
_____

       This action has been referred to me by District Judge Lawrence J. Vilardo for supervision of pretrial proceedings. [34], [96] at 23, [118] at 7.[1] Before the court are several emails from plaintiff to my chambers email address dated June 16, 2023. *See* Attachments 1, 2, and 3.

       Plaintiff's June 16, 2023 email correspondence appear related to my Report, Recommendation and Order, filed June 6, 2023 [127]. There, I recommended, *inter alia*, that District Judge Vilardo: 1) deny plaintiff's motion to amend his complaint to add a cause of action against Barclays Bank Delaware ("Barclays") because plaintiff's proposed cause of action against Barclays was barred by *res judicata*; 2) deny defendant's cross-motion for sanctions under Fed. R. Civ. P. ("Rule") 41(d); and 3) order plaintiff to show cause why he should not be sanctioned under Rule 11.

       Plaintiff emailed my chambers email address at 1:52 a.m. on June 13, 2023 with respect to the defendant's cross-motion for sanctions. Attachment 1 at 3. I responded that I had

---

[1]    Bracketed references are to CM/ECF docket entries, and page references are to CM/ECF pagination.

addressed the cross-motion in the Report and Recommendation.  Id. at 2.  Plaintiff responded on June 16, 2023 at 3:24:

> "Under Federal Rules of Civil Procedure Rule 19.  Required Joinder of Parties.
>
> Capital Management Services, Claims it was engaged by Barclays Bank Delaware to collect an outstanding debt from Plaintiff, to properly resolve this matter, all parties must be joined under this rule.
>
> Capital Management Services, LP or Barclays Bank Delaware, has not made any claims against the plaintiff here and if there are any claims, I demand it on the record.
>
> This Case was Filed Feb 26, 2021, today is Friday, June 16, 2023 and not a single discovery has happened.  Judge Lawrence J. Vilardo has ordered that discovery commenced on the claims which was allowed to move forward in this case.
>
> Judge J. McCarthy:  Magistrate judges, should show cause why the plaintiff should cause why he should not be assessed sanctions under Rule 11, when Rule 19.  Required Joinder of Parties."

Id. at 1-2.  Unable to discern the meaning of this missive, or to determine whether it contained any request, I responded, "[t]his is completely unintelligible".  Id. at 1.  Plaintiff responded, "[i]ts the same way I feel about your last orders 127 and 128".  Id.

Approximately 30 minutes later, plaintiff sent to my chambers email address what appears to be a copy of Rule 11, without further explanation.  Attachment 2 at 1-2.  Approximately 30 minutes after that, plaintiff sent to my chambers email address what appears to be a copy of 28 U.S.C. §1915(2), concerning proceedings *in forma pauperis*, along with the message, "[i]f this Court lacks Jurisdiction over this case, then the Court should stop wasting its time and dismiss the matter".  Attachment 3 at 1.

The substance of plaintiff's email correspondence is, at best, flippant, and, at worst, openly hostile to this court.  To the extent that plaintiff's email correspondence was

intended to respond to the recommendations in my Report, Recommendation, and Order, the appropriate vehicle for such a response is to file an objection. *See* Rule 72, Local Rules of the Western District of New York ("Local Rules") 72. Plaintiff was so instructed in the Report, Recommendation and Order itself, and in the docket text that marked its entry. *See* Report, Recommendation and Order [127] at 15 ("[u]nless otherwise ordered by District Judge Vilardo, any objections to the Report, Recommendation and Order must be filed with the clerk of this court by June 20, 2023"); docket text for [127] ("[o]bjections to R&R due by June 20, 2023"). However, he did not file any objection to the Report, Recommendation and Order.

"Courts of justice are universally acknowledged to be vested, by their very creation, with power to impose silence, respect, and decorum, in their presence, and submission to their lawful mandates". Chambers v. NASCO, Inc., 201 U.S. 32, 43 (1991). This power encompasses issuing instructions, or even sanctions, concerning a litigant's use of email correspondence. For example, in Sachs v. Matano, 2016 WL 4179792, *9 (E.D.N.Y. 2016), the *pro se* plaintiff repeatedly addressed defendant's counsel inappropriately by email, and his email correspondence included the phrase "Litigation 4 Recreation" in its automatic signature. The Court declined to issue Rule 11 sanctions because plaintiff "has not yet been explicitly warned by the Court that such conduct runs afoul of the rules of civility, is a direct impediment to the orderly disposition of this as well as any other case, and is sanctionable. However, the Court placed the *pro se* plaintiff on notice that continuing such behavior would lead to sanctions:

> "However, *pro se* Plaintiff Sachs is now on notice that the Court will not tolerate any further lack of civility, candor or decorum when communicating with this Court or opposing counsel during the pendency of this or any other lawsuit filed in this Court. Further, Plaintiff is directed to adhere strictly to the mandates set forth in Rule 11 before submitting any future filings."

Id. at *10.

By way of further example, in <u>Gonzalez v. Connecticut Department of Correction</u>, 2021 WL 3036947 (D. Conn. 2021), the court, *inter alia*, addressed a *pro se* plaintiff's request to make available to her certain items that appeared on the docket, notwithstanding that the items were publicly available and the court had already mailed the items to her address of record and left a copy for her in the clerk's office. The court denied plaintiff's motion for these reasons and, "because Ms. Gonzalez has repeatedly violated Court orders and inappropriately contacted Court staff via e-mail, despite express orders not to do so, the Court sees no need to treat Ms. Gonzalez differently than any other similarly-situated plaintiff and send her any documents by e-mail". <u>Id.</u> at *1. The court cited to its previous text orders placed on the docket, requiring that Ms. Gonzalez's communications with the court "be submitted in writing and filed electronically" and to "refrain from contacting staff of the Clerk of Court's office or any one in the [District] by e-mail, telephone, or otherwise, and permitting filing only on the docket" and "informing Ms. Gonzalez that violations of these orders may result in dismissal of her case". <u>Id.</u>

I find that the tone and content of plaintiff's email correspondence lacks the civility and respect expected of litigants and attorneys alike who practice in this court. No rule requires the court to accept correspondence, motions, or other communications by email, or to provide a *pro se* litigant with electronic copies of orders or other filed documents. *See generally*, Federal R. Civ. Proc., Local Rules of Civil Procedure of the Western District of New York ("Local Rules"), and Administrative Procedures Guide for Electronic Filing ("Administrative Guide"). Nor is email considered an acceptable form of service or filing under the Federal Rules, Local Rules, or the Administrative Guide:

- Rule 4 (service of a summons is not permitted by electronic means);

      - Rule 5(b)(2)(E) (permitting electronic service of other papers "by filing it with the court's electronic-filing service or sending it by other electronic means that the person consented to in writing");

      - Rule 5(d)(2) ("[a] paper not filed electronically is filed by delivering it: (A) to the clerk; or (B) to a judge who agrees to accept it for filing");

      - Rule 5(d)(3)(B)(i) ("[a] person not represented by an attorney: (i) may file electronically only if allowed by court order or by local rule");

      - Local Rule 5.2(d) ("[a] party appearing *pro se* must furnish the Court with a current address at which papers may be served on the litigant");

      - Administrative Guide (2)(F)(iii) at 9 ("pro se litigants who have not been granted permission to electronically file documents are entitled to a paper copy of any electronically filed pleading, document, or order. The filing party must therefore provide the non-registered party with the pleading, document, or order according to the Federal Rules of Civil and Criminal Procedures");

      - Administrative Guide (2)(L)(i) at 12 ("proposed orders should be attached to an e-mail sent to the chambers of the assigned judge. No other documents, pleadings or electronic communications may be sent to the above e-mail addresses unless prior approval has been granted. The email addresses are as follows . . . Judge McCarthy mccarthy@nywd.uscourts.gov");

      - Administrative Guide (2)(R)(iv) at 17 ("Pro Se filers shall file paper originals of all initiating documents, pleadings, motions, affidavits, briefs and other documents which must be signed").

## CONCLUSION

For the reasons stated above, I hereby place plaintiff on notice that I will not tolerate any further lack of civility, candor or decorum when communicating with this court. I hereby order plaintiff to make any further requests for relief with the court by filing a paper motion with the clerk of the court. I further order plaintiff to adhere strictly to the mandates set forth in Rule 11 before submitting any future filings. To the extent that I have previously permitted plaintiff to communicate with the court via email, I hereby rescind that privilege. He may now correspond by letter. Violation of this order will result in certification to District Judge Vilardo of plaintiff's civil contempt. Moreover, I decline to continue providing plaintiff with a copy of any filing via e-mail. He will continue to receive the paper copy of any electronically filed order, to which he is entitled, by mail to the address he provided to the clerk for that purpose.

Finally, I note that plaintiff has provided to chambers, but not to the clerk, a new address for mailing located in Lagos, Nigeria. Although plaintiff has expressed a wish to receive communications only via email, neither the Rules, Local Rules, nor the Administrative Guide currently authorize the court to grant that request. If plaintiff wishes to receive mail from the court at an address different than the Texas address he previously provided, I order him to notify the clerk of the court of his new address on or before July 10, 2023, by mailing to the clerk of this court a Notice of Change of Address.

Dated: June 29, 2023

/s/ JEREMIAH J. MCCARTHY
United States Magistrate Judge