UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

_____

FREDERICK O. SILVER,

        Plaintiff,

   v.                                            21-CV-319-LJV-JJM
                                                    DECISION & ORDER
JEFFREY A. HAUSER, *et al.*,

        Defendants.
_____

      On February 26, 2021, the *pro se* plaintiff, Frederick Silver, commenced this action alleging violations of the Fair Debt Collection Practices Act ("FDCPA") and Texas state law. Docket Item 1. On June 1, 2021, the case was referred to United States Magistrate Judge Jeremiah J. McCarthy for all proceedings under 28 U.S.C. § 636(b)(1)(A) and (B). Docket Item 34.

      The defendants—Capital Management Services, LP ("CMS"), and four of its employees—then moved to dismiss the complaint under Federal Rule of Civil Procedure 12(b)(6). Docket Item 56. Judge McCarthy converted that motion into a motion for summary judgment, Docket Item 69, and issued a Report and Recommendation ("R&R") finding that the defendants' motion for summary judgment should be granted, Docket Item 79.

      On September 12, 2022, this Court adopted the R&R in part. Docket Item 96. More specifically, this Court dismissed all Silver's claims except his FDCPA claim against CMS under 15 U.S.C. § 1692g(b). *See id.* The Court then referred the case back to Judge McCarthy for further proceedings. *See id.*

Silver subsequently moved to amend his complaint to, among other things, add new claims against a new defendant, Barclays Bank Delaware. Docket Item 101. CMS, as well as proposed defendant Barclays Bank Delaware, opposed that motion and cross-moved for sanctions under Federal Rule of Civil Procedure 41(d).[1] Docket Item 109. On June 6, 2023, Judge McCarthy issued a Report, Recommendation and Order ("RR&O") finding that Silver's motion to amend and CMS's cross-motion for sanctions should both be denied. Docket Item 127. Although Judge McCarthy recommended denying CMS's cross-motion for sanctions, he also recommended that this Court order Silver to show cause why he should not be subject to sanctions under Federal Rule of Civil Procedure 11. *See id.* at 12-13. The parties have not objected to the RR&O, and the time to do so has expired.[2] *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(2).

A district court may accept, reject, or modify the findings or recommendations of a magistrate judge. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3). The court must review *de novo* those portions of a magistrate judge's recommendation to which a party objects. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3). But neither 28 U.S.C. § 636 nor Federal Rule of Civil Procedure 72 requires a district court to review the

---

[1] Because CMS is the only defendant remaining in this case, the Court refers to CMS's and proposed defendant Barclays Bank Delaware's cross-motion for sanctions, Docket Item 109, as CMS's cross-motion for sanctions.

[2] Judge McCarthy also resolved several non-dispositive motions in the RR&O. *See* Docket Item 127 at 15. The parties have not requested further review of Judge McCarthy's decisions on those motions, and the time to do so likewise has expired. *See* Fed. R. Civ. P. 72(a).

recommendation of a magistrate judge to which no objections are raised.  *See Thomas v. Arn*, 474 U.S. 140, 149-50 (1985).

Although not required to do so in light of the above, this Court nevertheless has reviewed Judge McCarthy's RR&O as well as the parties' submissions to him.  Based on that review and the absence of any objections, the Court accepts and adopts Judge McCarthy's recommendation to deny Silver's motion to amend and CMS's cross-motion for sanctions under Rule 41(d).

The Court also accepts and adopts Judge McCarthy's recommendation to order Silver to show cause why sanctions should not be imposed under Rule 11.  As Judge McCarthy noted, Silver's motion to amend sought to add Barclays Bank Delaware as a defendant in this case.  But Silver brought claims based on nearly identical allegations against Barclays Bank Delaware in the United States District Court for the District of Delaware, and he voluntarily dismissed those claims with prejudice.  Docket Item 127 at 12-13.  And while Silver asserted that he "Did Not Sign any 'Stipulation of Dismissal With Prejudice'" in that case, *see* Docket Item 110 at 3, the District of Delaware found that "the available record evidence[] . . . appear[ed] to firmly establish that Silver did in fact sign the stipulation of dismissal," *see Silver v. Barclays Bank Del.*, Case No. 21-cv-1630, Docket Item 72 at 6 (D. Del. Apr. 11, 2023).   In fact, the District of Delaware concluded that Silver's efforts to argue otherwise amounted to little more than an attempt "to harass [the d]efendants and their counsel."  *See id.*

In light of all that, Silver's motion to amend—specifically, his request to add Barclays Bank Delaware as a defendant—appears to have been "presented for an[] improper purpose" and to be based on "factual contentions" that lack "evidentiary

3

support." Fed. R. Civ. P. 11(b).  Silver therefore is ordered to show cause, within 30 days of the date of this order, why he should not be sanctioned for violating Rule 11.  The Court leaves it to Judge McCarthy to determine, in the first instance, any appropriate sanction.

## CONCLUSION

For the reasons stated above and in the RR&O, Silver's motion to amend, Docket Item 101, and CMS's cross-motion for sanctions, Docket Item 109, are DENIED.  Silver is ordered to show cause, within 30 days of the date of this order, why he should not be subject to sanctions under Federal Rule of Civil Procedure 11.  The case is referred back to Judge McCarthy for further proceedings consistent with the referral order of June 1, 2021, Docket Item 34.

SO ORDERED.

Dated: July 12, 2023
       Buffalo, New York

                                        */s/ Lawrence J. Vilardo*
                                        LAWRENCE J. VILARDO
                                        UNITED STATES DISTRICT JUDGE