UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

FREDERICK O. SILVER,

      Plaintiff,

  v.                                           21-CV-319-LJV-JJM
                                                    DECISION & ORDER

JEFFREY A. HAUSER, *et al.*,

      Defendants.

---

On February 26, 2021, the *pro se* plaintiff, Frederick O. Silver, commenced this action alleging violations of the Fair Debt Collection Practices Act ("FDCPA") and Texas state law.[1]  Docket Item 1.  On June 1, 2021, this Court referred this case to United States Magistrate Judge Jeremiah J. McCarthy for all proceedings under 28 U.S.C. § 636(b)(1)(A) and (B).  Docket Item 34.

On July 12, 2023, this Court ordered Silver to "show cause, within 30 days of the date of this order, why he should not be subject to sanctions under Federal Rule of Civil Procedure 11."[2]  Docket Item 131 at 4.  The Court referred the case back to Judge

---

[1] The Court subsequently dismissed all Silver's claims except his FDCPA claim against Capital Management Services, LP, under 15 U.S.C. § 1692g(b).  Docket Item 96.

Throughout this opinion, the Court assumes familiarity with the facts and procedural background of this case and refers to the facts and background only as necessary to explain its decision here.

[2] That order adopted a report, recommendation, and order of Judge McCarthy, Docket Item 127, recommending that Silver be ordered to show cause why he should not be sanctioned after he "sought to add to this case the exact same claim . . . that he pursued[ ]and then dismissed with prejudice" in a lawsuit brought in United States District Court for the District of Delaware, *id.* at 3-4, 12-13.

McCarthy for further proceedings, including the "determin[ation], in the first instance, [of] any appropriate sanction."  *Id.*  Silver did not respond to that order; instead, he moved for summary judgment.  Docket Item 133.

Judge McCarthy then issued a Report and Recommendation ("the first R&R"), Docket Item 134, in which he "conclude[d] that the most appropriate sanction to deter more bad faith or frivolous filings is to enjoin Silver from future filings in this or any other case in this [D]istrict, without first obtaining the [C]ourt's permission," *id.* at 5.  Judge McCarthy noted, however, that "the unequivocal rule in this circuit is that the district court may not impose a filing injunction on a litigant *sua sponte* without providing the litigant with notice and an opportunity to be heard."  *Id.* (alteration omitted) (quoting *Moates v. Barkley*, 147 F.3d 207, 208 (2d Cir. 1998)).  So "[o]ut of an abundance of caution," Judge McCarthy "recommend[ed] that Silver be given a final opportunity to be heard before [the issuance of] such an injunction."  *Id.*

Judge McCarthy also issued a second Report and Recommendation ("the second R&R") recommending that Silver's motion for summary judgment be denied.  Docket Item 135.  He "deferred" setting a deadline for Silver to object to the second R&R until this Court ruled on the first R&R.  *Id.* at 3.

The parties did not object to the first R&R, and the time to do so now has expired.[3]  *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(2).

---

[3] Silver's deadline to file objections was January 25, 2024.  *See* Docket Item 134. On January 29, 2024, Silver sent two emails to Judge McCarthy's chambers requesting that copies of the first and second R&Rs be emailed to him.  Docket Item 136 (text order attaching emails as exhibits).  Judge McCarthy declined to do so, noting that copies of both R&Rs had already been mailed to Silver at the address he provided and neither had been returned as undeliverable; that Silver's "electronic filing privileges [had been] rescinded by [this Court]"; and that Silver could, if he wished, access the documents

2

A district court may accept, reject, or modify the findings or recommendations of a magistrate judge. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3). The court must review *de novo* those portions of a magistrate judge's recommendation to which a party objects. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3). But neither 28 U.S.C. § 636 nor Federal Rule of Civil Procedure 72 requires a district court to review the recommendation of a magistrate judge to which no objections are raised. *See Thomas v. Arn*, 474 U.S. 140, 149-50 (1985).

Although not required to do so in light of the above, this Court nevertheless has reviewed Judge McCarthy's R&R as well as the relevant submissions to him. Based on that review and the absence of any objections, the Court accepts and adopts Judge McCarthy's recommendation that Silver be ordered to show cause why he should not be enjoined from making further filings in this or any other case in this District without first obtaining the Court's permission. More specifically, the Court agrees with Judge McCarthy that the factors that courts in this circuit consider in determining whether to limit "a litigant's future access to courts" weigh in favor of imposing such a sanction here. Docket Item 134 at 2-5; *see Iwachiw v. N.Y. St. Dep't of Motor Vehicles*, 396 F.3d 525, 528 (2d Cir. 2005) (listing factors).

For the reasons stated above and in the first R&R, Silver shall show cause, **within 30 days of the date of this order**, why he should not be enjoined from making further filings in this or any other case in this District without first obtaining the Court's permission. If he fails to do so, this Court will impose that injunction. In addition, Silver

---

through PACER for a nominal fee. *See id.*; *see also* Docket Item 114 (order rescinding Silver's ECF privileges). Silver did not file any response to that order, file any objections to the first R&R, or request an extension of time to do so.

shall file any objections to Judge McCarthy's second R&R, Docket Item 135, **within 14 days of the date of this order**.  If he fails to do so, this Court will rule on the second R&R based on the papers before it.

SO ORDERED.

Dated: April 26, 2024
Buffalo, New York

                                                */s/ Lawrence J. Vilardo*
                                                LAWRENCE J. VILARDO
                                                UNITED STATES DISTRICT JUDGE