UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

FREDERICK O. SILVER,

      Plaintiff,

    v.                              21-CV-319-LJV-JJM
                                              DECISION & ORDER

JEFFREY A. HAUSER, *et al.*,

      Defendants.

---

On February 26, 2021, the *pro se* plaintiff, Frederick O. Silver, commenced this action alleging violations of the Fair Debt Collection Practices Act ("FDCPA") and Texas state law.[1]  Docket Item 1.  On June 1, 2021, this Court referred the case to United States Magistrate Judge Jeremiah J. McCarthy for all proceedings under 28 U.S.C. § 636(b)(1)(A) and (B).  Docket Item 34.  This Court subsequently dismissed all Silver's claims except his FDCPA claim against Capital Management Services, LP ("CMS"), under 15 U.S.C. § 1692g(b).  Docket Item 96.

On October 30, 2023, Silver moved for summary judgment on his section 1692g(b) claim.  Docket Item 133.  CMS did not respond to that motion, and on January 8, 2024, Judge McCarthy issued a Report and Recommendation ("R&R") in which he found that Silver's motion should be denied as "both procedurally and substantively deficient."  Docket Item 135 at 1.

---

[1] The Court assumes familiarity with the facts and procedural background of this case and refers to them only as necessary to explain its decision here.

The parties did not object to the R&R, and the time to do so now has expired.[2]
*See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(2).

A district court may accept, reject, or modify the findings or recommendations of a magistrate judge.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3).  The court must review *de novo* those portions of a magistrate judge's recommendation to which a party objects.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3).  But neither 28 U.S.C. § 636 nor Federal Rule of Civil Procedure 72 requires a district court to review the recommendation of a magistrate judge to which no objections are raised.  *See Thomas v. Arn*, 474 U.S. 140, 149-50 (1985).

---

[2] Judge McCarthy deferred Silver's deadline to object to the R&R at issue here until this Court had ruled on Judge McCarthy's other Report and Recommendation in this case finding that Silver should be ordered to show cause why he should not be sanctioned ("the sanctions R&R").  Docket Item 135 at 3; *see* Docket Item 134 (the sanctions R&R).  After Judge McCarthy issued the two R&Rs, Silver sent an email to Judge McCarthy requesting that copies be emailed to him.  *See* Docket Item 136 (text order attaching emails as exhibits).  Judge McCarthy declined to do so, noting that copies of both R&Rs had already been mailed to Silver at the address he provided and neither had been returned as undeliverable; that Silver's "electronic filing privileges [had been] rescinded by [this Court]"; and that Silver could, if he wished, access the documents through PACER for a nominal fee.  *See id.*; *see also* Docket Item 114 (order rescinding Silver's ECF privileges).

Silver did not respond to that text order, file any objections to either R&R, or request an extension of time to do so.  So, on April 26, 2024, this Court adopted Judge McCarthy's recommendation in the sanctions R&R and further ordered Silver to file any objections to the R&R addressing Silver's summary judgment motion within 14 days of the date of that order.  Docket Item 137.  The Court mailed that order to Silver at the address listed on the docket, *id.*, and it is presumed to have been delivered, *see Hoffenberg v. Comm'r*, 905 F.2d 665, 666 (2d Cir. 1990) ("A properly addressed piece of mail placed in the care of the Postal Service is presumed to have been delivered.").  Silver again neither filed objections to the R&R nor responded in any way.  And the deadline this Court set to file objections here now has expired.  *See* Docket Item 137 at 4.

Although not required to do so in light of the above, this Court nevertheless has reviewed Judge McCarthy's R&R as well as Silver's motion for summary judgment. Based on that review and the absence of any objections, the Court accepts and adopts Judge McCarthy's recommendation that Silver's motion for summary judgment be denied.

For the reasons stated above and in the R&R, Silver's motion for summary judgment, Docket Item 133, is DENIED.  The case is referred back to Judge McCarthy for further proceedings consistent with the referral order of June 1, 2021, Docket Item 34.

SO ORDERED.

Dated:      May 21, 2024
            Buffalo, New York


_/s/ Lawrence J. Vilardo_
LAWRENCE J. VILARDO
UNITED STATES DISTRICT JUDGE