UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

FREDERICK O. SILVER,

        Plaintiff,

   v.

JEFFREY A. HAUSER, *et al.*,

        Defendants.

21-CV-319-LJV-JJM
DECISION & ORDER

---

     On January 8, 2024, United States Magistrate Judge Jeremiah J. McCarthy issued a Report and Recommendation ("R&R") recommending that the *pro se* plaintiff, Frederick O. Silver, be ordered to show cause why he should not be enjoined from making further filings in this or any other case in this District without first obtaining the Court's permission. Docket Item 134. Judge McCarthy's recommendation was based on, among other factors, Silver's history of filing vexatious and duplicative lawsuits. *See id.* at 2-5.

     On April 26, 2024, this Court adopted Judge McCarthy's recommendation and ordered Silver to show cause, within 30 days of the date of that order, why he should not be sanctioned as Judge McCarthy had recommended. Docket Item 137. The Court stated that if Silver failed to show cause, it would impose the sanction. *Id.* The Court's order was mailed to Silver at the address listed on the docket, *see id.*; has not been returned as undeliverable; and therefore is presumed to have been delivered, *see*

*Hoffenberg v. Comm'r*, 905 F.2d 665, 666 (2d Cir. 1990) ("A properly addressed piece of mail placed in the care of the Postal Service is presumed to have been delivered.").[1]

Silver did not respond to the order to show cause, and the time to do so now has expired.  Therefore, for the reasons stated in the Court's order to show cause, *see* Docket Item 137, and Judge McCarthy's R&R, Docket Item 134 at 2-5, Silver is hereby enjoined from making further filings in this or any other case in this District—except notices of appeal, notices of change of address, or documents the Court orders him to file—without first obtaining the Court's permission.  If Silver wishes to file something, he shall include, along with the document he wishes to file, a copy of this order and a separate Request for Permission Pursuant to Court Order, which acknowledges both that: (1) he has been barred from filing any documents of any type (other than those noted above) without first obtaining permission from the Court, and (2) he is, in fact, requesting permission to file a document notwithstanding the prohibition against future filings.

This Court hereby certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith and therefore denies leave to appeal as a

---

[1] On June 11, 2024, the Court's decision and order denying Silver's motion for summary judgment—the most recent order the Court has entered in this case—was returned as undeliverable.  *See* Docket Item 139.  But neither the Court's decision and order ordering Silver to show cause why he should not be sanctioned nor the R&R that order adopted has been returned as undeliverable.  And so the Court assumes they were delivered.  *See Hoffenberg*, 905 F.2d at 666.

If Silver has moved, he has failed to provide the Court with an updated address as required.  *See* Docket Item 3 at 3 (ordering that "Silver shall notify the Court in writing if his address changes" and that this Court "may dismiss the action if Silver fails to do so"); *see also* Loc. R. Civ. P. 5.2(d) ("[A] *pro se* litigant must inform the Court immediately, in writing, of any change of address.  Failure to do so may result in dismissal of the case, with prejudice.").

poor person. *Coppedge v. United States*, 369 U.S. 438 (1962). Silver must file any notice of appeal with the Clerk's Office, United States District Court, Western District of New York, within 30 days of the date of this order. Requests to proceed on appeal as a poor person must be filed with the United States Court of Appeals for the Second Circuit in accordance with the requirements of Rule 24 of the Federal Rules of Appellate Procedure.

SO ORDERED.

Dated: June 14, 2024
       Buffalo, New York

    */s/ Lawrence J. Vilardo*
    LAWRENCE J. VILARDO
    UNITED STATES DISTRICT JUDGE