UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

FREDERICK O. SILVER,

                              Plaintiff,

v.

CAPITAL MANAGEMENT SERVICES, LP,

                              Defendant.
_____

**DECISION AND ORDER**

Case No. 1:21-cv-0319-JLV-JJM

Before the court are: 1) *pro se* plaintiff Frederick Silver's motions to compel [157][1], to direct defendant Capital Management Services, LP ("CMS") to file an answer and to compel [163], to amend the scheduling order [169], to strike affirmative defenses [177], and to amend his complaint [183]; and 2) CMS's motion to compel [164]. I issued my rulings on the record during a conference held July 23, 2025. Those rulings are summarized below.

        Silver's motion to compel responses to his discovery requests [157] is denied as moot. CMS responded to his requests (*see* defendant's response [159]), and Silver made no particularized objections to any of defendant's responses (*see* [160]).

        Silver's motion [163] for CMS to file its answer to his complaint and to compel CMS to produce "a copy of the contract or assignment agreement that authorizes [CMS], from Barclays Bank Delaware to collect on behalf of Barclays Bank Delaware" ([163] at 2) is denied. CMS filed its Answer [171], rendering that portion of Silver's motion moot. Silver's request to

---

[1]    Bracketed references are to CM/ECF docket entries, and page references are to CM/ECF pagination.

compel production of the contract and/or assignment between CMS and Barclays Bank Delaware ("Barclays") is also moot. District Judge Lawrence J. Vilardo rejected this request in his September 12, 2022 Decision & Order:

> "In his objection, Silver maintains that the defendants 'did not provide any proof that [Barclays] engaged' the defendants 'to collect on the debt.' . . . [B]ut the FDCPA does not require a debt collector to supply that information when it verifies a consumer's debt. . . . So Silver's argument that CMS violated the FDCPA's verification provision by failing to provide detailed evidence that it owns the debt misses the mark".

[96] at 10-11. In addition, Judge Vilardo noted that "defendants ultimately provided information showing CMS's relationship to Silver's debt, which Judge McCarthy found to be a sufficient evidentiary showing to support CMS's representation . . . that it had been engaged by Barclays to resolve the debt". Id. at 11, n. 8. Judge Vilardo "agree[d] with [me] that Silver's FDCPA claim challenging CMS's failure to show ownership of the debt cannot proceed". Id. at 11. Silver's request that CMS produce its contract or assignment with Barclays has already been resolved. His current motion for the same relief, therefore, is moot and his motion is therefore denied.

CMS's motion [164] to compel plaintiff to respond to its First Request for Production of Documents and its First Set of Interrogatories is granted. CMS served these requests well in advance of the deadline for fact discovery and attempted to meet and confer concerning the delinquent responses. [164-1], ¶¶ 1-3. Silver asserts that CMS's motion should be denied because the requests are "vague", "overbroad", "not proportional to the needs of the case", and "lack[ ] clarity". [167] at 1-2. However, because he did not timely respond to the requests, did not timely request any extension to respond, and did not file any motion for a protective order, he has waived his objections. See Fed. R. Civ. P. 33(b)(4); 34(b)((2)(A), (C); see also Kloppel v Homedeliverylink, Inc. 2020 WL 38895 (W.D.N.Y. 2020) ("in failing to

provide a response to the document request, [plaintiff] has forfeited any objections he could have asserted to that request").

Accordingly, CMS's motion is granted. Silver shall serve his responses to the requests on or before August 7, 2025.

Silver's motion [169] to amend the Case Management Order ("CMO") [147] is denied. As Silver's motions to compel have been denied, there is no basis at this time for such an amendment. This ruling, however, is without prejudice. The parties may have a basis to request an extension once CMS receives Silver's responses to its discovery requests.

Silver's motion to strike certain of CMS's affirmative defenses [177] is subject to my briefing schedule [178] and will be decided upon submissions once fully briefed.

Finally, Silver's motion to amend his complaint [183] is denied as untimely. My Case Management Order required such motions to be filed on or before March 31, 2025. [147], ¶ 2. Plaintiff did not request any extension of this deadline in his motion to amend that order. Accordingly, this motion is denied.

## CONCLUSION

For these reasons, Silver's motions [157, 163, 169, and 183] are denied. CMS's motion [164] is granted, and Silver shall serve his responses to CMS's discovery requests on or before August 7, 2025.

SO ORDERED.
Dated: July 24, 2025

                                           /s/   Jeremiah J. McCarthy
                                           JEREMIAH J. MCCARTHY
                                           United States Magistrate Judge