UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

FREDERICK O. SILVER,

                              Plaintiff,

-vs-                                         **Case No. 21-CV-00319-LJV**

JEFFREY A. HAUSER, DANIEL ABADIR,
KAREN KRASKA, PAUL R. HUNZIKER JR.,
CAPITAL MANAGEMENT SERVICES, LP
DBA CAPITAL RECEIVABLES MANAGEMENT
SERVICES, LP.

                              Defendants.

---

## DEFENDANT'S MEMORANDUM IN RESPONSE TO PLAINTIFF'S MOTION (DOCKET NO. 177)

Defendant Capital Management Services, L.P. ("CMS") respectfully submits its response to Plaintiff Frederick O. Silver's Motion to Strike Affirmative Defenses ("Motion") contained in CMS' Answer (Docket No. 177). Plaintiff's Motion should be denied with limited exceptions as noted herein as Defendant CMS has met its pleading requirements and, in any event, would be premature to strike prior to completion of discovery as certain affirmative defenses are certainly relevant to the case and will ultimately constitute valid legal defenses. There is no prejudice to the Plaintiff who would be able to contest their validity during the course of this litigation. The proper process to argue the merits of an affirmative defense is during the course of these proceedings, not in a motion to strike. In the alternative, if this Court should find any of the remaining affirmative defenses as plead to be insufficient, CMS respectfully requests the opportunity to amend them rather than striking them entirely. CMS further provides as follows in opposition to Plaintiff's Motion as follows:

1

## The Standard.

1.      Federal Rule of Civil Procedure 12(f) provides that, "[t]he court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed.R.Civ.P. 12(f). "Motions to strike affirmative defenses are generally disfavored." *Walsh v. City of New York,* 585 F.Supp.2d 555, 557 (S.D.N.Y.2008). "The standard to prevail on a motion to strike an affirmative defense is demanding." *New England Health Care Employees Welfare Fund v. iCare Mgmt., LLC,* 792 F.Supp.2d 269, 288 (D.Conn.2011). "[T]o prevail on a motion to strike: (1) there may be no question of fact which might allow the defense to succeed; (2) there may be no substantial question of law, a resolution of which could allow the defense to succeed; and (3) the moving party must show that it is prejudiced by the inclusion of the defense." *Cognex Corp. v. Microscan Sys., Inc.,* 990 F.Supp.2d 408, 418, 2013 WL 6906221, at *7 (S.D.N.Y. Dec. 31, 2013).

2.      Most courts within the Second Circuit have found that the *Twombly/Iqbal* standard does not apply to affirmative defenses. *See, e.g., Adames v. G.B.Rests. Inc.,* 2014 WL 202380, at *2 (W.D.N.Y. Jan. 16, 2014); *Vale v. City of New Haven Police Dep't,* 2013 WL 5532133, at *3 (D.Conn. Oct. 4, 2013); *Hon Hai Precision Indus. Co., Ltd. v. Wi–LAN, Inc.,* 2013 WL 2322675, at *9 (S.D.N.Y. May 28, 2013); *Serby v. First Alert, Inc.,* 934 F.Supp.2d 506, 515–16 (E.D.N.Y.2013); *Scott v. WorldStarHipHop, Inc.,* 2012 WL 5835232, at *3 (S.D.N.Y. Nov. 14, 2012); *Petroci v. Transworld Sys., Inc.,* 2012 WL 5464597, at *2 (W.D.N.Y. Oct. 19, 2012) report and recommendation adopted, 2012 WL 5464579 (W.D.N.Y. Nov. 8, 2012); *Aros v. United Rentals, Inc.,* 2011 WL 5238829, at *3 (D.Conn. Oct. 31, 2011); *Raymond Weil, S.A. v.*

*Theron,* 585 F.Supp.2d 473, 489–90 (S.D.N.Y.2008) (McMahon, J.) ("There is nothing dumber than a motion to strike boilerplate affirmative defenses; it wastes the client's money and the court's time."). The Court in *Bayer CropScience AG v. Dow AgroSciences LLC,* Civ. 10–1045, 2011 WL 6934557 (D.Del. Dec. 30, 2011), summarized the reasons courts have declined to apply the *Twombly/Iqbal* standard to affirmative defenses:

> (1) textual differences between Rule 8(a), which requires that a plaintiff asserting a claim *show* entitlement to relief, and Rule 8(c), which requires only that the defendant *state* any defenses;
>
> (2) a diminished concern that plaintiffs receive notice in light of their ability to obtain more information during discovery;
>
> (3) the absence of a concern that the defense is "unlocking the doors of discovery";
>
> (4) the limited discovery costs, in relation to the costs imposed on a defendant, since it is unlikely that either side will pursue discovery on frivolous defenses;
>
> (5) the unfairness of holding the defendant to the same pleading standard as the plaintiff, when the defendant has only a limited time to respond after service of the complaint while plaintiff has until the expiration of the statute of limitations;
>
> (6) the low likelihood that motions to strike affirmative defenses would expedite the litigation, given that leave to amend is routinely granted;
>
> (7) the risk that a defendant will waive a defense at trial by failing to plead it at the early stage of the litigation;
>
> (8) the lack of detail in Form 30, which demonstrates the appropriate pleading of an affirmative defense; and
>
> (9) the fact that a heightened pleading requirement would produce more motions to strike, which are disfavored.

*Id.* at *1–2.

3

### Affirmative Defense Nos. 1, 2, 3 & 4

3.      Plaintiff, in his Motion papers, highlights in bold that he seeks "**statutory damages without proof of actual harm**". appears to limit his claim for damages to statutory damages claim which would entitle him for damages up to $1,000.00 for any and all FDCPA violations alleged in this lawsuit. If this is the case, CMS would withdraw its Second and Third Affirmative Defenses for failing to state a claim for actual damages or failing to mitigate these damages. However, if this is not the case, both affirmative defenses should remain as it is CMS' position that he has suffered no actual damages. Affirmative Defense No. 1 for failure to state a claim would remain regardless of the above clarification based upon CMS' Affirmative Defense No. 4 for bona fide error and Affirmative Defense No. 8 for lack of Article III standing. The only remaining factual issue in this lawsuit revolves around CMS' debt validation letter and bank statements when compared to the amount sought in its initial debt validation letter. This will be the subject to CMS' bona fide error defense. Accordingly, Affirmative Defense numbers 1, 2, 3 and 4 must remain subject to Mr. Silver's clarification as to actual damages.

### Affirmative Defense No. 5

4.      Plaintiff's Complaint, as currently plead, does not set forth the operative dates needed to assess the viability of CMS' Affirmative Defense 5 for lack of statute of limitations. However, based upon CMS' own documentation, it appears that this matter is timely and therefore this affirmative defense is withdrawn.

### Affirmative Defense No. 6, 7 and 9

5.      CMS' Affirmative Defense No. 6 (no misrepresentation), No. 7 (no reliance) and 9 (third-party fault) are also denials and preserved in Defendant CMS' Answer and will be withdrawn only as affirmative defenses in its pleadings, but not as denials.

4

### Affirmative Defense No. 8

6. This Count arguably lacks Article III standing based upon Plaintiff's current posture in the case. As such, this affirmative defense should stand as a matter of law. *Spokeo v. Robbins*, 578 U.S. 330 (2021).

7. To conclude, Plaintiff's Motion should be denied as to certain affirmative defenses noted above as Defendant CMS has met its pleadings requirements and, in any event, is seeking premature relief to strike defenses prior to completion of these proceedings in which certain affirmative defenses are relevant to the case and will ultimately constitute valid and definitive legal defenses. Plaintiff would suffer no prejudice as he would be able to contest their validity during the remainder of this lawsuit. If the Court finds some or all of the affirmative defenses to be insufficient, CMS respectfully requests the opportunity to amend them rather than striking them in their entirety.

Date: July 24, 2025　　　　　　　　　　Respectfully Submitted

　　　　　　　　　　　　　　　　　　DAVIDSON FINK LLP

　　　　　　　　　　　　　　　　　　By: ___/s/ Glenn M. Fjermedal___
　　　　　　　　　　　　　　　　　　Glenn M. Fjermedal
　　　　　　　　　　　　　　　　　　400 Meridian Centre Blvd, Suite 200
　　　　　　　　　　　　　　　　　　Rochester, New York 14618
　　　　　　　　　　　　　　　　　　Tel: (585) 546-6448
　　　　　　　　　　　　　　　　　　gfjermedal@davidsonfink.com