UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

FREDERICK O. SILVER,                                    Case No.: 1:21-CV-00319-LJV

                    Plaintiff,

    vs.

CAPITAL MANAGEMENT SERVICES, LP,

                    Defendant.
_____

## DEFENDANT'S MOTION TO DISMISS FOR FAILURE TO PROSECUTE AND COMPLY WITH COURT'S DISCOVERY ORDER

      Defendant Capital Management Services, L.P. ("CMS") respectfully submits its Motion to Dismiss Plaintiff Frederick O. Silver's Complaint for failure to prosecute and comply with Court's Discovery Order (Docket No. 187) by not responding in any manner to Defendant Capital Management, L.P's ("CMS") First Set of Interrogatories and First Request for Production of Documents ("Demands"). For the reasons set forth below, this Motion should be granted in its entirety:

      1.    On April 17, 2025, our office on behalf of Defendant CMS served its Demands upon Plaintiff via Federal Express and first class mail. Attached as Exhibit "A" are copies of the Demands and Affidavit of Service.

      2.    Plaintiff failed to respond to Defendant's Demands or move for a protective order in a timely fashion.

      3.    On June 10, 2025, our office sent a demand e-mail to fully respond to Defendant CMS' Demands by the close of business on Friday June 13, 2025 which is attached as Exhibit "B". This demand was made in good faith to resolve this discovery dispute.

1

4. On July 23, 2025, this Court granted CMS' Motion to Compel ordering Plaintiff to respond to all of CMS' Demands without restriction on or before August 7, 2025.

5. Plaintiff has failed to comply with the Court's Order by responded to any of CMS' Demands.

6. Rule 37(b) of the Federal Rules of Civil Procedure provides, in relevant part, that "[i]f a party ... fails to obey an order to provide or permit discovery, ... the court ... may issue further just orders[,] ... [including orders] ... dismissing the action or proceeding in whole or in part." Fed. R. Civ. P. 37(b)(2)(A)(v). Similarly, a court may dismiss an action in whole or in part where a party fails to appear for his or her deposition. *See* Fed. R. Civ. P. 37(d)(3). That said, "dismissal with prejudice is a harsh remedy to be used only in extreme situations, and then only when a court finds 'willfulness, bad faith, or any fault' by the non-compliant litigant." *Agiwal v. Mid Island Mortg. Corp.*, 555 F.3d 298, 302 (2d Cir. 2009) (quoting *Bobal v. Rensselaer Polytechnic Inst.*, 916 F.2d 759, 764 (2d Cir. 1990), *cert. denied*, 499 U.S. 943 (1991)); *see S.E.C. v. Setteducate*, 419 F. App'x 23, 24 (2d Cir. 2011) (summary order) ("[w]hile we have expressed a preference that litigation disputes be resolved on the merits, and not by default, ... we have also consistently recognized that Rule 37 sanctions are applicable in extreme circumstances, where a party fails to comply with the court's discovery orders willfully, in bad faith, or through fault") (internal citations and quotations omitted).

7. In evaluating the appropriateness of sanctions, including dismissal, a court should consider several factors including:

    1. the willfulness of the non-compliant party or the reason for noncompliance;

    2. the efficacy of lesser sanctions;

    3. the duration of the period of noncompliance[;] and

       4.       whether the non-compliant party had been warned of the consequences of ... noncompliance.

*See Agiwal v. Mid Island Mortg. Corp.*, 555 F.3d at 302-303 (quoting *Nieves v. City of N.Y.*, 208 F.R.D. 531, 535 (S.D.N.Y. 2002)); *Antonmarchi v. Consol. Edison Co. of N.Y., Inc.*, 514 F. App'x 33, 35 (2d Cir.) (summary order), *cert. denied*, 571 U.S. 1098 (2013).

       8.       Generally, "[a] persistent refusal to comply with a discovery order presents sufficient evidence of willfulness, bad faith, or fault, by the noncompliant party." *Peña v. Chocolate*, 2012 WL 3957474, *3 (S.D.N.Y. 2012) (internal quotations omitted). Indeed, "dismissal pursuant to Rule 37 is appropriate 'not merely to penalize those whose conduct may be deemed to warrant such a sanction, but to deter those who might be tempted to such conduct in the absence of such a sanction.'" *Agiwal*, 555 F.3d at 303 (quoting *Nat'l Hockey League v. Metro. Hockey Club, Inc.*, 427 U.S. 639, 643 (1976)).

       9.       Rule 41(b) of the Federal Rules of Civil Procedure authorizes the dismissal of an action for failure to prosecute, providing in relevant part: If the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it. Unless the dismissal order states otherwise, a dismissal under this subdivision ... operates as an adjudication on the merits.

       10.       Fed. R. Civ. P. 41(b). Dismissal is warranted under Rule 41(b) where the record demonstrates that the plaintiff has not been diligent in the prosecution of his lawsuit. *Lyell Theatre Corp. v. Loews Corp.*, 682 F.2d 37, 43 (2d Cir. 1982). Moreover, "prejudice resulting from unreasonable delay may be presumed as a matter of law." *Peart v. City of N.Y.*, 992 F.2d 458, 462 (2d Cir. 1993); *McAuley v. City of N.Y.*, 2022 WL 524135, *2 (S.D.N.Y. 2022) ("[a] plaintiff's lack of diligence alone is enough for dismissal") (quoting *West v. City of N.Y.*, 130 F.R.D. 522,

526 (S.D.N.Y. 1990)); *Charles Labs, Inc. v. Banner*, 79 F.R.D. 55, 57 (S.D.N.Y. 1978) ("[t]he operative condition on a Rule 41(b) motion is lack of due diligence on the part of the plaintiff, 'not a showing by defendant that it would be prejudiced' ") (quoting *Messenger v. United States*, 231 F.2d 328, 331 (2d Cir. 1956)).

11.    A district court considering dismissal pursuant to Rule 41(b) should evaluate the following factors:

1. the duration of the plaintiff's failure to comply with the court order;
2. whether plaintiff was on notice that failure to comply would result in dismissal;
3. whether the defendants are likely to be prejudiced by further delay in the proceedings;
4. a balancing of the court's interests in managing its docket with the plaintiff's interest in receiving a fair chance to be heard; and
5. whether the judge has adequately considered a sanction less drastic than dismissal.

6.    *Chen v. Hunan Manor Enter., Inc.*, 2020 WL 3527920, *5 (S.D.N.Y.) (quoting *Baptiste v. Sommers*, 768 F.3d 212, 216 (2d Cir. 2014) (per curiam)), *report and recommendation adopted by*, 2020 WL 4932777 (S.D.N.Y. 2020). Although dismissal is considered "a harsh remedy to be utilized only in extreme situations," *see Minnette v. Time Warner*, 997 F.2d 1023, 1027 (2d Cir. 1993) (internal quotations omitted), courts nonetheless have found dismissal of a complaint justified where a plaintiff has failed to take any specific or concrete actions over a substantial length of time. *See*, *e.g.*, *Fischer v. Dover Steamship Co.*, 218 F.2d 682, 683 (2d Cir. 1955) (plaintiff's failure to appear for deposition noticed seven months earlier, despite

4

court order requiring his appearance, justified dismissal for failure to prosecute); *Myvett v. Rosato*, 2004 WL 1354254, *2 (S.D.N.Y. 2004) ("[t]hat nearly a year has elapsed since [*pro se* plaintiff] took any steps to prosecute this case, such as responding to outstanding discovery requests, strongly counsels in favor of dismissal"); *West v. City of N.Y.*, 130 F.R.D. at 525-26 (*pro se* plaintiff's inactivity for nineteen months warranted dismissal for failure to prosecute) (citing, *inter alia*, *Chira v. Lockheed Aircraft Corp.*, 634 F.2d 664 (2d Cir. 1980)).

7.  In the case at bar, the criteria for dismissal have been met. The Plaintiff has refused to respond in any fashion to Defendant's Demands despite the Court's specific directive to respond to all demands in full by August 7, 2025. This deadline has come and passed with no discovery responses from the Plaintiff. This Court warned the Plaintiff that non-compliance of its order would result in dismissal of this lawsuit. The Plaintiff has been non-compliant since the inception of this lawsuit in 2021. Mr. Silver's abject refusal to respond to CMS' Demands is the final straw in his campaign of vexatious litigation practices against CMS. Moreover, Mr. Silver exhibits disrespect to this Court and the judicial system. While dismissal of the action is severe, it is warranted here.

Date: August 13, 2025

                                    DAVIDSON FINK LLP

                                    By:   /s/ Glenn M. Fjermedal
                                    Glenn M. Fjermedal
                                    400 Meridian Centre Blvd, Suite 200
                                    Rochester, New York 14618
                                    Tel: (585) 546-6448
                                    gfjermedal@davidsonfink.com