UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

FREDERICK O. SILVER

                          Plaintiff,                    **Case No. 1:21-cv-00319-LJV**

v.

CAPITAL   MANAGEMENT   SERVICES,
LP,

                          Defendant

## DEFENDANT CMS' FIRST REQUEST FOR PRODUCTION OF DOCUMENTS TO PLAINTIFF

Pursuant to Rule 34 of the Federal Rules of Civil Procedure ("FRCP"), Defendant

Capital Management Services, LP ("CMS" or "Defendant"),  a Defendant named above,

requests pursuant to Rules 26 and 34 of the Federal Rules of Civil Procedure that the

Plaintiff produce for inspection and copying the documents described below. The

documents are to be produced by arrangement with and at the offices of Defendant's

counsel at the address set forth below.

The following definitions and instructions shall apply to each and every part of this

Request for Production of Documents (the "Request"), as if fully set forth therein:

DEFINITIONS

1. "Plaintiff" shall mean Frederick O. Silver, the named plaintiff in this action.

2. "Defendant" or "CMS" shall mean Capital Management Services, LP

3. "Complaint" shall mean the operative Complaint filed in this action.

4. "Communication" shall mean the transmittal of information (in the form of facts, ideas,

inquiries or otherwise).

5. "Document" and "documents" are used in the broadest permissible sense under the Federal Rules of Civil Procedure and shall include, without limitation, tangible things and written, typewritten, recorded (including audio or videotape or both), graphic, photographic (including negatives), facsimile transmission, or computerized materials in whatever form, including copies, drafts, and reproductions thereof to which the Plaintiff has or has had access and every copy of such document which contains any commentary or notation not appearing in the original.

6. "Person" shall mean any natural person or any business, legal or governmental entity or association.

7. "Entity" shall mean any company, corporation, partnership, union, joint venture, sole proprietorship, association, government agency, organization or other type of group through which business is conducted, or any director, officer, employee or agent thereof.

8. "Concerning" shall mean relating to, referring to, describing, evidencing or constituting.

9. "Relate to" and "relating to" shall mean and include any information concerning, comprising, identifying, summarizing, evidencing, containing, discussing, mentioning, describing, reflecting, comparing, analyzing, memorializing or pertaining in any way to the subject matter of the discovery request in which such term is used.

10. "All" and "each" shall be construed as all and each.

11. "And" and "or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of the discovery request all response that might otherwise be construed to be outside of its scope.

12. Singular forms of any noun or pronoun shall embrace and be read to include the plural as the context may make appropriate.

13. Masculine forms of any noun or pronoun shall embrace and be read to include the feminine or neuter, as the context may make appropriate.

## INSTRUCTIONS

1. Whenever a request calls for information which is not available to the Plaintiff in the form requested, but is available in another form or can be obtained, at least in part, from other areas in the Plaintiff's possession, so state and either supply the information requested in the form in which it is available or supply the date from which the information requested can be obtained.

2. This Request is continuing in nature. The Plaintiff shall supplement his responses to this request as and when additional responsive documents become known or available to the Plaintiff, or when so requested by the Defendant prior to trial.

3. The Plaintiff shall produce all documents in his possession, custody or control, including documents in the possession, custody or control of the Plaintiff and his respective, agents, representatives, successors, assigns and attorneys and all persons acting or purporting to act on behalf of the Plaintiff or who are in possession of or who may have obtained information for or on behalf of the Plaintiff in regard to the subject matter of this case.

4. The Plaintiff shall produce responsive documents as such documents and organize and label them to correspondence with the categories in this Request, pursuant to Rule 34(b) of the Federal Rules of Civil Procedure. Documents shall be produced in a manner that permits the source of the documents to be easily ascertained.

5. Where a claim of privilege is asserted in objecting to any document request or subpart thereof, the Plaintiff shall comply with Rule 26.2 of the Local Civil Rules of the United States District Court for the Southern and Eastern Districts of New York, and assert the privilege in the following manner:

(a) The attorney asserting the privilege shall, in the objection to the demand, or subpart thereof, identify the nature of the privilege (including work product) which is being claimed or, if a defense governed by state law, indicate the state's privilege rule being invoked; and;

(b) The following information shall be provided in the objection, unless divulgence of such information would cause disclosure of the allegedly privileged information:

(i) the type of the document;

(ii) general subject matter of the document;

(iii) date of the document;

(iv) such other information as is sufficient to identify the document for a subpoena deuces tecum, including, where appropriate, the author of the document, the addressee of the document, and, where not apparent, the relationship of the author and addressee to each other.

6. Each document request, and each subpart thereof, shall be separately set forth and accorded a separate answer. Each response shall first set forth verbatim the document request to which it is responsive, followed by the response thereto.

7. No part of a document request shall be left unanswered merely because an objection is interposed to another part of the document request.

8. If the Plaintiff objects to any document request or subpart thereof, the objection shall state with specificity all grounds. Any ground not stated shall be waived.

9. If the Plaintiff Pierre is unable to answer any document request, the reasons for the Plaintiff's inability to answer shall be separately stated in detail for each document request.

10. Failure to provide information in response to these document requests will be deemed a waiver of the Plaintiff's right to produce such evidence at trial. Defendant reserves the right to move to preclude the introduction of any evidence not produced in response to this Request.

11. In the event that the Plaintiff is not in possession of any document requested then the Plaintiff shall take all appropriate steps to aid in the recovery of the document from other sources, including, but not limited to, providing identifying information and providing authorizations, waivers or releases where required.

## REQUESTS FOR PRODUCTION

1. All monthly billing statements received by the Plaintiff in regard to the Barclays Bank, DE ("Barclay Bank") credit card which has an account number ending in 5100.

2. All checks evidencing payments made by the Plaintiff in regard to the Barclays Bank credit card which has an account number ending in 5100.

3. All bank statements evidencing payment made by the Plaintiff in regard to the Barclays Bank credit card which has an account number ending in 5100.

4. All demands for payment of any balance owed by the Plaintiff in regard to the Barclay Bank credit card which has an account number ending in 5100 after said credit card was declared to be in default.

5. All documents in the possession of the Plaintiff which concern the above-captioned lawsuit.

6. All documents in the possession of the Plaintiff which concerns Plaintiff's lawsuit against Barclays Bank entitled *Frederick O. Silver v. Barclays Bank Delaware* which was filed in the District Court for the District of Delaware assigned Index Number 1:21-cv-01630-RGA.

7. All documents sent by the Plaintiff which contain statements of dispute of any balance claimed owed in regard to Barclays Bank credit card which has an account number ending in 5100 after said credit card was declared to be in default.

8. All documents which relate to the physical location of the Plaintiff for the past ten years.

10. All documents which the Plaintiff claims supports the allegations advanced by him as set forth in the Complaint.

11. All documents of other lawsuits, claims, or other proceedings that have been brought against Plaintiff from 2015 to the present.

12. All documents of other lawsuits, claims, or other proceedings that have been brought by Plaintiff from 2015 to the present.

13. All documents in Plaintiff's possession or control with respect to all debts owed by Plaintiff to creditors from 2015 to present.

14. Any and all documents in Plaintiff's possession or control with respect to any bankruptcy filings by Plaintiff from 2015 to present.

15. All documents in Plaintiff's possession or control with respect to the work out and payment of all debts owed by Plaintiff to creditors from 2015 to present.

16. All documents in Plaintiff's possession or control with respect to Plaintiff's medical and psychological condition from 2015 to present.

17. All documents in Plaintiff's possession or control with respect to Plaintiff's alleged damages at issue in the instant lawsuit.

18. All documents in Plaintiff's possession or control with respect to Plaintiff's employment from 2015 to present.

19. All documents pertaining to Plaintiff's New York State and Federal and State tax returns for 2018, 2019 and 2020.

20. All documents recording, documenting, or otherwise tracking F&G's collection efforts related in any way to Plaintiff's alleged debt that is the subject of this lawsuit, from 2020 to the present, including but not limited to:

      a.  Inbound or outbound telephone calls to or from either Plaintiff or any other party in connection with CMS' attempts to collect the subject debt;

      b.  Inbound or outbound United States mail to or from either Plaintiff or any other party in connection with CMS' attempts to collect the subject debt.

21. All documents in Plaintiff's possession or control regarding contracts for telephone services entered into by Plaintiff with any service providers during all relevant times, for all telephone communications that transpired between Plaintiff and CMS.

22. All bills in Plaintiff's possession provided by any and all telephone service providers Plaintiff used during all relevant times, for all telephone communications that transpired between Plaintiff and CMS.

23. All documents in Plaintiff's possession or control, which Plaintiff claims, are relevant in any way to the subject matter of the instant lawsuit.

24. All statements in Plaintiff's possession or control taken of CMS or any of its agents and/or employees.

25. All documents in Plaintiff's possession or control of sanctions orders against him by the Federal and/or State Court systems.

DATED:       April 8, 2025

/s/: Glenn M. Fjermedal
Glenn M. Fjermedal, Esq.
DAVIDSON FINK LLP
400 Meridian Centre Blvd.
Suite 200
Rochester, New York 14618
Telephone:  (585) 546-6448
*Attorneys for Defendant*

TO:    Frederick O. Silver
       21905 Mountain HWE E Unit 4143
       Spanaway, WA 98387-7583

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

FREDERICK O. SILVER,

Plaintiff,

vs.

CAPITAL MANAGEMENT SERVICES, LP,

Defendants.

**AFFIDAVIT OF MAILING**

Civil No.: 1:21-cv-00319-LJV

STATE OF NEW YORK     )
COUNTY OF MONROE      )  ss:

Guinevere Reilly, being duly sworn, deposes and says:

1.     I am over 18 years of age, reside at Rochester, New York, and I am employed by Davidson

Fink LLP, attorneys for Plaintiff in this action.

2.     On April 17, 2025, deponent served DEFENDANT CMS' FIRST REQUEST FOR

PRODUCTION OF DOCUMENTS TO PLAINTIFF and FIRST SET OF INTERROGATORIES

TO PLAINTIFF, by first-class mail and federal express (Tracking No. 880631336552), upon:

> **Frederick O. Silver**
> **21905 Mountain HWY E Unit 4143**
> **Spanaway, WA 98387-7593**

by depositing a true copy of said document securely enclosed in postpaid wrappers in the Post

Office Box regularly maintained by the United States Postal Service at 400 Meridian Centre, Suite

200, Rochester, New York.

Sworn before me this 17
day of April, 2025

_Cassandra R Lookup_
Notary Public

CASSANDRA R. LOOKUP
NOTARY PUBLIC, State of New York
Qualified in Monroe County
Reg. No. 01LO6390686
Commission Expires April 22, 20 27

1

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

FREDERICK O. SILVER

                              Plaintiff,              **Case No. 1:21-cv-00319-LJV**

v.

CAPITAL   MANAGEMENT   SERVICES,
LP,

                              Defendant

## FIRST SET OF INTERROGATORIES TO
## PLAINTIFF

Defendant, Capital Management Services, LP ("CMS" or "Defendant") request

that the Plaintiff, Frederick O. Silver, ("Plaintiff") answer under oath, in accordance

with Rule 33 of the Federal Rules of Civil Procedure, the following interrogatories

(the "Interrogatories"):

### DEFINITIONS

1. "Plaintiff" shall mean Frederick O. Silver

2. "Defendant" or "CMS" shall mean Capital Management Services, LP

3. "Complaint" shall mean the operative Complaint filed in this action.

4. "Communication" shall mean the transmittal of information (in the form of facts, ideas,

inquiries or otherwise).

5. "Document" and "documents" are used in the broadest permissible sense under the

Federal Rules of Civil Procedure and shall include, without limitation, tangible things and

written, typewritten, recorded (including audio or videotape or both), graphic,

photographic (including negatives), facsimile transmission, or computerized materials in

whatever form, including copies, drafts, and reproductions thereof to which the Plaintiff

1

has or has had access and every copy of such document which contains any commentary or notation not appearing in the original.

6. "Person" shall mean any natural person or any business, legal or governmental entity or association.

7. "Entity" shall mean any company, corporation, partnership, union, joint venture, sole proprietorship, association, government agency, organization or other type of group through which business is conducted, or any director, officer, employee or agent thereof.

8. "Concerning" shall mean relating to, referring to, describing, evidencing or constituting.

9. "Relate to" and "relating to" shall mean and include any information concerning, comprising, identifying, summarizing, evidencing, containing, discussing, mentioning, describing, reflecting, comparing, analyzing, memorializing or pertaining in any way to the subject matter of the discovery request in which such term is used.

10. "All" and "each" shall be construed as all and each.

11. "And" and "or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of the discovery request all response that might otherwise be construed to be outside of its scope.

12. Singular forms of any noun or pronoun shall embrace and be read to include the plural as the context may make appropriate.

13. Masculine forms of any noun or pronoun shall embrace and be read to include the feminine or neuter, as the context may make appropriate.

**INSTRUCTIONS**

A. Answers to the Interrogatories must be furnished within thirty (30) days of

the service of these Interrogatories.

B.  Each Interrogatory should be answered upon your entire knowledge from all sources and all information in your possession or otherwise available to you, including information from your officers, employees, agents, representatives or consultants and information which is known by each of them. An incomplete or evasive answer is a failure to answer.

C.  If any answer is qualified, state specifically the terms of each qualification and the reasons for it. If an Interrogatory cannot be answered in full, state the part which can be answered and answer the same in full to the extent possible; state further and specifically the reason(s) why the remainder cannot be answered.

D.  Unless otherwise specified in a particular paragraph, provide the information and documents requested for the period of one year prior to the date of filing the complaint to the present. Each Interrogatory is considered continuing, and if Plaintiff obtain information which renders its answers or one of them, incomplete or inaccurate, Plaintiff are obligated to serve amended answers on the undersigned.

E.  The terms "document" or "documents" in these Interrogatories shall refer to all writings and recorded materials, of any kind, that are or have been in the possession, control or custody of Plaintiff of which Plaintiff have knowledge, whether originals or copies. Such writings or recordings include, but are not limited to, contracts, documents, notes, rough drafts, interoffice memoranda, memoranda for the files, letters, research materials, correspondence, logs, diaries, forms, bank statements, tax returns, card files, books of account, journals, ledgers, invoices, diagrams, drawings, computer files, records, documents, data, print-outs or tapes, reports, statistical computations,

studies, graphs, charts, minutes, manuals, pamphlets, or books of all nature and kind whether handwritten, typed, printed, mimeographed, photocopied or otherwise reproduced, all tape recordings (whether for computer, audio, or visual replay) or other written, printed, and recorded matter or tangible things on which words, phrases, symbols or information are recorded.

     F.  A request to identify a document is a request to state as applicable:

1.     The date of the document;

2.     The type of document;

3.     The names and present addresses of the person or persons who prepared the document and of the signers and addressers of the document;

4.     The name of the employer or principal whom the signers, addressers and preparers were representing;

5.     The present location of the document;

6.     The name and current business and home addresses of the present custodians of the original document, and any copies of it;

7.     A summary of the contents of the document; and

8.     If the original document was destroyed, the date and reason for or circumstances under which it was destroyed.

     G.  If any Interrogatory may be answered fully by a document, the document may be attached in lieu of an answer if the document is marked to refer to the Interrogatory to which it responds.

## INTERROGATORIES

For each individual, officer, employee or agent answering or providing any information used to answer any Interrogatory, state the following:

1.     State whether the Plaintiff is a citizen or green card holder of the United States. If the answer is "no" then set forth the citizenship of the Plaintiff.

2.     State whether the Plaintiff has ever filed a petition for bankruptcy relief in any federal bankruptcy court.

3.     Set forth each and every lawsuit which the Plaintiff has filed in any court and state whether the Plaintiff is named as a plaintiff or as a defendant therein.

4.     State whether the Plaintiff has ever owned or operated any business. If the answer hereto is yes, then set forth the name of the business, its principal location, the nature of the business and the dates of operation of such business.

5.     State the name, address and telephone number of each person and/or business entity which employed the Plaintiff for the past ten (10) years.

6.     State whether the Plaintiff ever possessed a credit card issued Barclay Bank Delaware ("Barclays Bank") or any entity with the name Barclays Bank associated therewith.

7.     State whether the Plaintiff has had any judgment entered against him during the past 10 years.

8.     If the answer to the foregoing interrogatory is yes, set forth the case caption for each such judgment.

9.     Set forth all addresses maintained by the Plaintiff during the past ten (10) years with corresponding dates of occupancy for each residence.

10.    Has the Plaintiff ever been accused by any person(s) or entity(ies) of engaging in any fraudulent or frivolous act? If the answer herein is "yes", set forth particulars in regard to each said fraudulent accusation.

11.    Has the Plaintiff ever been convicted of a crime? If the answer herein is "yes", describe each conviction in particularity and describe the nature of the criminal charge and the facts which supported the criminal conviction.

12.    Did the Plaintiff file or lodge any complaints with any consumer protection agency(ies) and/or business bureau regarding the allegations contained in Plaintiffs' Complaint? If the answer is "yes" set forth particulars in regard to each such complaint.

13.    Has the Plaintiff ever sought medical or psychiatric treatment in the past decade. If the answer herein is "yes", set forth the particulars in regard to each treatment.

14.    Set forth whether the Plaintiff has ever defaulted upon payments owed due to the use of any credit card issued to him by any credit card issuer? If the answer herein is "yes", set forth the particulars in regard to each default.

15.    Set forth the basis for your claim for actual damages.

16.    Set forth the amount of monies you paid to Defendant CMS. If no payments were made to CMS, please answer no to this request.

DATED:    April 8, 2025

/s/:  Glenn M. Fjermedal
Glenn M. Fjermedal, Esq.
DAVIDSON FINK LLP
400 Meridian Centre Blvd.
Suite 200
Rochester, New York 14618
Telephone:  (585) 546-6448
*Attorneys for Defendant*

TO:    Frederick O. Silver
       21905 Mountain HWE E Unit 4143
       Spanaway, WA 98387-7583

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

FREDERICK O. SILVER,

                       Plaintiff,

       vs.

CAPITAL MANAGEMENT SERVICES, LP,

                     Defendants.

**AFFIDAVIT OF MAILING**

Civil No.: 1:21-cv-00319-LJV

STATE OF NEW YORK   )
COUNTY OF MONROE   )  ss:

Guinevere Reilly, being duly sworn, deposes and says:

1.     I am over 18 years of age, reside at Rochester, New York, and I am employed by Davidson

Fink LLP, attorneys for Plaintiff in this action.

2.     On April 17, 2025, deponent served DEFENDANT CMS' FIRST REQUEST FOR

PRODUCTION OF DOCUMENTS TO PLAINTIFF and FIRST SET OF INTERROGATORIES

TO PLAINTIFF, by first-class mail and federal express (Tracking No. 880631336552), upon:

      **Frederick O. Silver**
      **21905 Mountain HWY E Unit 4143**
      **Spanaway, WA 98387-7593**

by depositing a true copy of said document securely enclosed in postpaid wrappers in the Post

Office Box regularly maintained by the United States Postal Service at 400 Meridian Centre, Suite

200, Rochester, New York.

Sworn before me this ⟨17⟩
day of April, 2025

_Cassandra R Lookup_
Notary Public

CASSANDRA R. LOOKUP
NOTARY PUBLIC, State of New York
Qualified in Monroe County
Reg. No. 01LO6390686
Commission Expires April 22, 20⟨27⟩

1