UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

FREDERICK O. SILVER,                                    Case No.: 1:21-CV-00319-LJV

                                    Plaintiff,

         vs.

CAPITAL MANAGEMENT SERVICES, LP, et al.

                                    Defendants.

## DEFENDANT CAPITAL MANAGEMENT SERVICES, LP 'S RESPONSE TO PLAINTIFF'S OBJECTIONS TO REPORT, RECOMMENDATION AND ORDER DISMISSING COMPLAINT (DKT. 199)

Defendant Capital Management Services, L.P. ("CMS") respectfully submits its Response to Plaintiff Frederick O. Silver's Objections to Magistrate Judge McCarthy's Report, Recommendation and Order ("R&R") to Dismiss Plaintiff's Complaint for Failure to Prosecute and Comply with Court's Prior Discovery Orders (Docket No. 199). For the reasons set forth below, Magistrate Judge McCarthy's R&R should be affirmed and Plaintiff's Complaint dismissed with prejudice based upon Mr. Silver's repeated willful and bad faith violations of this Court's prior discovery orders and directives under Federal Rules of Civil Procedures ("FRCP") Rules 16, 37, and 41. Defendant CMS incorporates by reference Judge McCarthy's legal standards and factual analysis set forth in his well-reasoned twenty-one (21) page R&R herein as the appropriate legal standard and application of undisputed facts to those standards.

### Findings of Mr. Silver's Willfulness/Bad Faith.

Judge McCarthy properly set forth the proper "wilfullness/bad faith" standard which includes "willful violations of court orders." *Dow Chemical Pacific Ltd. v. Rascator Maritime*

*S.A.,* 782 F.2d 329, 345 (2d Cir. 1986) Willfulness involves the "voluntary, intentional violation of a known legal duty" requiring "no finding of bad purpose or evil motive." United States v. Ruffin, 575 F.2d 346, 354 (2d Cir. 1978).

Judge McCarthy further provided the factual basis for his finding of Mr. Silver's willful violations of his prior discovery and case management orders as exemplified by the following undisputed facts: (1) his Decision and Order in Docket No. 187 providing Mr. Silver with clear instruction to serve overdue responses to CMS's discovery demands by August 7, 2025; (2) Mr. Silver's failure to seek any extension of this deadline or guidance on how to respond to CMS's discovery; (3) Mr. Silver's August 13, 2025 purported responses that affirmatively stated that he would not provide any substantive responses until "Defendant complies with its statutory obligations" which had already been produced (Dkt. 192 and 193); and (4) Mr. Silver's continued non-compliance well after being served with defendants' follow-up sanctions motion for his failure to comply with the Court's Order in Docket No. 187. (R&R, pp. 8-9). Mr. Silver's objections make no attempt to dispute these undisputed facts of noncompliance over a large duration of time which warrants Judge McCarthy's finding of Mr. Silver's willful failure to respond to CMS's interrogatories and document requests.

**The Court's Consistent and Clear Warnings of Consequence.**

Mr. Silver cannot dispute that Magistrate Judge McCarthy explicitly warned Mr. Silver that his failure to obey the court's orders could result in dismissal of his lawsuit. He specifically admonished Mr. Silver on July 10, 2025 that "parties are not allowed to decide for themselves which orders they will obey" when he stated that he would not attend a telephonic conference that Judge McCarthy ordered. (Docket No. 180). His text order explicitly cautioned that "if

plaintiff does not participate in the July 23 teleconference, the Court would recommend 'that this action be dismissed.'" *Id.*

Both Judges Vilardo and McCarthy had previously warned Mr. Silver that dismissal was a possible consequence of violating court orders:

- March 3, 2021 Text Order (J. Vilardo) ("plaintiff shall notify the Court in writing [of] his address changes and the Court may dismiss the action if plaintiff fails to do so");

- May 4, 2023 Text Order (M.J. McCarthy) [122] ("a *pro se* litigant must inform the Court immediately, in writing, of any change of address. Failure to do so may result in dismissal of the case, with prejudice").

Mr. Silver is patently aware of the Court's disciplinary process and the Federal Rules governing sanctions. He has previously been sanctioned for making frivolous filings in other jurisdictions including the District Courts in Texas which have barred him from proceeding in those courts as he is a vexatious litigant. Further, Mr. Silver has been warned by this Court on multiple occasions that further frivolous filings could result in declaring him a vexatious litigant, have his e-filing privileges revoked for a time, and being restricted from communicating with the court via email. (R&R, pp. 9-10).

In addition, Judge McCarthy found that Mr. Silver was both aware of the process and penalties for violating court orders and the Rules, as he has requested that the court sanction the defendant for purportedly violating court orders and the Rules. (Docket Nos. 15 Plaintiff's Motion for Sanctions and 194 Plaintiff's Motion to Compel Discovery and for Sanctions). Both of these frivolous and baseless motions were denied.

Mr. Silver's objections make no concerted effort to claim his lack of knowledge as to the Court's consistent admonishments of his improper and bad faith behavior during the course of these proceedings. Mr. Silver is clearly warned of the potential for sanctions, including

3

dismissal, caused by his obstinate refusal to respond to Defendant CMS's discovery demands in repeated violation of this Court's multiple discovery orders.

**Prejudice to Defendant.**

Judge McCarthy opined that Mr. Silver did not even attempt to address whether CMS had been prejudiced, nor did he provide any argument to rebut the presumption of prejudice to CMS. Mr. Silver did not respond to CMS's motion and affirmatively stated that he would not respond to CMS's discovery demands, notwithstanding the Court's order to do so. (Docket No. 192 and 193). Therefore, Judge McCarthy properly concluded that CMS had been prejudiced by Silver's failure to respond to its interrogatories and document requests. Mr. Silver's objections once again fail to address the considerable prejudice to CMS which spent considerable time, money and effort both defending itself against countless numbers of Plaintiff's baseless motions as well as forcing it to make multiple motions to compel Plaintiff to fulfill his discovery obligations which he expressly refused to do. Needless to say, this willful, bad faith behavior on the part of Mr. Silver has been taxing not only to CMS but to this Court who has had to address these countless filings with consistent adverse rulings and guidance to Mr. Silver.

**The Availability of Lesser Sanctions.**

Although Judge McCarthy considered lesser sanctions, the R&R's conclusion speaks for itself. Here, Mr. Silver was granted permission to proceed *in forma pauperis*. (Docket No. 3). Due to Silver's limited financial circumstances, the Court concluded that an award of attorney's fees would likely be unenforceable. The Court was further correct to note that imposing any of the other relevant sanctions available under Rule 37(b)(2)(A) "would lead to the same result as outright dismissal because Silver has not yet provided any discovery."

(R&R, pp. 12-14). In particular, Judge McCarthy was correct in this analysis as directing that facts be taken as established in Defendant CMS' favor (subsection (i)), prohibiting Mr. Silver from using evidence that he has not already produced (subsection (ii)), or striking his Complaint (subsection (iii)), would all lead to dismissal of this action, but require additional motion practice and judicial resources. As such, the Court was correct to note that CMS has already been prejudiced by spending time and resources to defend this matter for almost five years requiring yet another motion would only prejudice them further. *Id.* Finally, entering a default judgment against Mr. Silver (subsection (vi)) is the functional equivalent of dismissing his action. Finally, the only remaining option for sanctions — staying proceedings until the order is obeyed (subsection (iv)) — would further prejudice CMS by denying it the certainty of a dismissal and reward Mr. Silver by keeping this matter open while he continues to violate this Court's orders going forward.

Judge McCarthy did acknowledge District Judge Vilardo's decision involving a request for sanctions against another *pro se* plaintiff in *Daniels v. Daemen University,* 2025 WL 1762202 (W.D.N.Y. 2025). There, Judge Vilardo disagreed with his recommendation to dismiss a *pro se* plaintiff's complaint as a sanction. He found that the plaintiff there "was not entirely without funds" and had "made some efforts to comply" with discovery by, for example, belatedly filing her Rule 26 disclosures after I had filed my recommendation to dismiss her case. *Id.* at *6. For those reasons, Judge Vilardo found that "some other sanction . . . would be fairer and more appropriate." *Id.* Judge McCarthy was correct to note that in the case at bar, the criteria for dismissal had been met as the Plaintiff has refused to respond in any fashion to Defendant CMS' demands despite the Court's specific directive to respond to all demands in full by August 7, 2025. This deadline had come and passed with no discovery

responses from Plaintiff. Further, Judge McCarthy warned Mr. Silver that non-compliance of his order would result in dismissal of this lawsuit.

From a procedural standpoint, Mr. Silver's objections fail to comply with Rule 72(b) and (c) of this Court's Local Rules of Civil Procedure when he fails to identify the portions of the proposed findings and recommendations to which he objects and the basis for such objections. Further Mr. Silver cannot raise new legal and factual arguments which were not raised before Judge McCarthy. This would include Mr. Silver's discovery responses he submitted as of this morning which are not part of the record and should be stricken for the record.

Mr. Silver has been non-compliant and a vexatious litigant since the inception of this lawsuit in 2021. Mr. Silver's abject refusal to respond to CMS' demands is the final straw in his campaign of vexatious litigation practices against CMS. Moreover, Mr. Silver has abundantly exhibited his total disrespect to this Court and the judicial system. Accordingly, Magistrate Judge McCarthy's R&R should be affirmed and Plaintiff's Complaint dismissed with prejudice.

Date: February 6, 2026

DAVIDSON FINK LLP

By: _____
Glenn M. Fjermedal, Esq.
400 Meridian Centre Blvd, Suite 200
Rochester, New York 14618
Tel: (585) 546-6448
gfjermedal@davidsonfink.com