Frederick Silver.
21905 Mountain Hwy E, Unit 4143
Spanaway, WA 98387-7583
(702)473-0365
ASCLV1@gmail.com



UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
AT BUFFALO DIVISION.



FREDERICK O. SILVER.
    Plaintiff,
vs.

CAPITAL MANAGEMENT SERVICES, LP,
    Defendant

CASE No.: 1:21-cv-00319-LJV

Judge: Hon. **Lawrence J. Vilardo**

To: Hon. Lawrence J. Vilardo

## PLAINTIFF'S REPLY IN SUPPORT OF OBJECTIONS TO MAGISTRATE JUDGE MCCARTHY'S REPORT, RECOMMENDATION AND ORDER (DKT. 199).

Plaintiff Frederick O. Silver, pro se, respectfully submits this Reply in support of his Objections to Magistrate Judge McCarthy's Report, Recommendation and Order (Dkt. 199) recommending dismissal of his Complaint with prejudice. For the reasons set forth below, the Court should reject the recommendation of dismissal with prejudice and, at most, impose a lesser sanction.

### INTRODUCTION

Defendant CMS's Response (Dkt. 203) mischaracterizes Plaintiff's conduct as willful, vexatious, and prejudicial to Defendant. The record demonstrates otherwise. Plaintiff has now fully complied with discovery obligations by serving complete Answers and Objections to Defendant's First Set of Interrogatories and Responses and Objections to Defendant's First Request for Production of Documents on February 5, 2026, via email and U.S. Mail to defense counsel. These responses cure any discovery deficiency and render dismissal unnecessary and disproportionate.

Furthermore, Defendant's reliance on Plaintiff's litigation history in other courts is irrelevant to whether dismissal with prejudice is warranted in this case. The appropriate inquiry under Rules 37 and 41 is whether lesser sanctions are available and sufficient to address any discovery delay. The answer here is yes.

**ARGUMENT**

**I. PLAINTIFF HAS NOW SERVED ALL OUTSTANDING DISCOVERY RESPONSES, MOOTING THE BASIS FOR DISMISSAL**

A. Complete Discovery Responses Were Served on February 5, 2026, On February 5, 2026, Plaintiff served complete, verified responses to:

1. Defendant's First Set of Interrogatories (substantive answers to all 20 interrogatories with objections where appropriate); and

2. Defendant's First Request for Production of Documents (substantive responses to all 10 requests with objections where appropriate).

These responses were transmitted via email to defense counsel Glenn M. Fjermedal at gfjermedal@davidsonfink.com and via U.S. Mail to:

**Glenn M. Fjermedal, Esq.**
**DAVIDSON FINK LLP**
**400 Meridian Centre Blvd., Suite 200**
**Rochester, New York 14618**

Each response includes a Certificate of Service reflecting the February 5, 2026 service date and a verification signed under penalty of perjury pursuant to 28 U.S.C. § 1746.

**B. The Discovery Responses Are Substantive and Responsive**

Contrary to Defendant's characterization (Dkt. 203, pp. 2–4), Plaintiff's February 5, 2026 discovery responses are not "refusals" or conditional statements. They provide:

- Substantive factual answers to interrogatories based on Plaintiff's knowledge, information, and belief;

- Specific objections (e.g., overbroad, unduly burdensome, protected by privilege) where legally appropriate;
- References to documents produced or available in Plaintiff's possession, custody, or control; and

Good-faith assertions that certain information is not within Plaintiff's knowledge or possession. These responses satisfy Federal Rule of Civil Procedure 33 and 34 requirements. Defendant CMS now has the discovery it sought. Any claim of prejudice from delayed discovery is substantially mitigated, if not eliminated, by Plaintiff's compliance.

### C. Lesser Sanctions Are Now Sufficient

The purpose of discovery sanctions is to compel compliance, not to punish litigants for delays that have been cured. Agiwal v. Mid Island Mortg. Corp., 555 F.3d 298, 302 (2d Cir. 2009) ("The sanction must be proportionate to the circumstances surrounding the failure to comply with discovery.").

Here, dismissal with prejudice is grossly disproportionate because:

- Plaintiff has now provided all requested discovery;
- The case can proceed to dispositive motions or trial on the merits with a complete factual record;
- Defendant CMS can depose Plaintiff and use the discovery responses to prepare its defense; and
- Any residual prejudice to Defendant can be addressed through cost-shifting (e.g., awarding CMS its costs for the motion to compel and sanctions motion) or other lesser sanctions under Rule 37(b)(2)(A).

The Magistrate Judge's conclusion that "lesser sanctions would lead to the same result as outright dismissal" (R&R, pp. 12–14) is no longer accurate given Plaintiff's compliance. Defendant's assertion that "Silver has not yet provided any discovery" (Dkt. 203, p. 4) is factually incorrect as of February 5, 2026.

## II. DEFENDANT'S "VEXATIOUS LITIGANT" NARRATIVE IS IRRELEVANT AND PREJUDICIAL

A. Sanctions in Other Jurisdictions Are Not Grounds for Dismissal Here

Defendant repeatedly invokes Plaintiff's litigation conduct in Texas and alleged "vexatious litigant" status to support dismissal with prejudice. (Dkt. 203, pp. 3, 6). This argument is improper for three reasons:

### 1. No Vexatious-Litigant Order Exists in This District.

Plaintiff has not been declared a vexatious litigant in the Western District of New York. Courts do not import sanctions from other jurisdictions to justify dismissal in a pending case. See Sosa v. Diaz, 729 F.3d 1225, 1235 (9th Cir. 2013) (prior litigation history is not dispositive of bad faith in the current case).

### 2. Defendant's Characterization Is Inflammatory and Unsupported.

Defendant labels Plaintiff's motions as "frivolous," "baseless," and "countless" without citing specific findings of frivolousness by this Court. Plaintiff's Motion for Sanctions (Dkt. 15) and Motion to Compel Discovery and for Sanctions (Dkt. 194) were denied, but denial does not equate to a finding of frivolousness or bad faith. Many pro se litigants file unsuccessful motions without being sanctioned.

### 3. The Relevant Inquiry Is Willfulness in This Case, Not Litigation History Elsewhere.

Rule 37 and Rule 41 sanctions require an analysis of the plaintiff's conduct in the case at bar, including whether the failure to comply was willful, in bad faith, and prejudicial to the defendant. Agiwal, 555 F.3d at 302. Plaintiff's conduct in other cases is not part of that inquiry.

B. Warnings About Dismissal Do Not Establish Willfulness

Defendant emphasizes that Plaintiff was warned multiple times that non-compliance could result in dismissal. (Dkt. 203, pp. 2–3). However:

- Warnings that dismissal is a possible consequence do not establish that Plaintiff's delay was willful or in bad faith. Lyell Theatre Corp. v. Loews Corp., 682 F.2d 37, 43 (2d Cir. 1982) (willfulness requires intentional, unjustified conduct, not mere delay or inadvertence).
- Plaintiff's August 13, 2025 response (referencing Defendant's statutory obligations) reflected a good-faith but mistaken belief that certain documents had not been produced. Once Plaintiff was informed that CMS had produced responsive documents, Plaintiff took steps to prepare substantive responses.
- Plaintiff is a pro se litigant proceeding in forma pauperis without the benefit of legal counsel or litigation support staff. Delays and procedural missteps by pro se litigants, while regrettable, do not automatically constitute willful bad faith. Traguth v. Zuck, 710 F.2d 90, 95 (2d Cir. 1983).

## III. DISMISSAL WITH PREJUDICE IS INAPPROPRIATE UNDER RULE 37(b)(2)(A) AND RULE 41(b)

A. The Second Circuit's Five-Factor Test Does Not Support Dismissal

**The Second Circuit requires courts to consider five factors before dismissing a case for failure to prosecute or comply with discovery orders:**

4. The duration of the plaintiff's failure to comply;
5. Whether plaintiff was on notice that failure to comply would result in dismissal;
6. Whether the defendant is likely to be prejudiced by further delay;
7. A balancing of the court's interest in managing its docket with plaintiff's interest in an opportunity to be heard; and
8. Whether a lesser sanction would better serve the interests of justice.

***Lucas v. Miles, 84 F.3d 532, 535 (2d Cir. 1996).***

**Applying these factors here:**

1. Duration of Non-Compliance: Plaintiff's delay extended from the August 7, 2025 deadline to February 5, 2026—approximately six months. While not insignificant, this delay is not

extreme in the context of a five-year-old case and is substantially shorter than delays tolerated in other pro se cases before dismissal was ordered. Cf. Daniels v. Daemen Univ., 2025 WL 1762202, at *6 (W.D.N.Y. 2025) (finding dismissal too harsh where pro se plaintiff eventually filed Rule 26 disclosures).

2. Notice: Plaintiff was warned that non-compliance could result in dismissal. However, as discussed above, warnings alone do not establish willfulness, particularly where Plaintiff has now cured the deficiency.

3. Prejudice to Defendant: Defendant claims prejudice from time and expense defending motions and filing discovery motions. However, much of that expense is inherent in litigation. Now that discovery responses have been served, Defendant can proceed with depositions and dispositive motions. Any residual prejudice can be addressed through cost-shifting or other lesser sanctions.

4. Balancing Docket Management with Opportunity to Be Heard: Plaintiff's claims under the Fair Debt Collection Practices Act are substantive federal statutory claims. Dismissing them with prejudice before any consideration of the merits—solely due to discovery delay that has now been cured—denies Plaintiff his day in court and undermines the remedial purposes of the FDCPA.

5. Lesser Sanctions: As discussed above, multiple lesser sanctions are now available and sufficient: cost-shifting, preclusion of certain evidence, adverse inference instructions, or a short stay to allow Defendant time to review the discovery responses and conduct depositions.

## B. JUDGE VILARDO'S DECISION IN DANIELS SUPPORTS A LESSER SANCTION

In *Daniels v. Daemen University*, Judge Vilardo rejected a magistrate judge's recommendation to dismiss a pro se plaintiff's case as a sanction for discovery non-compliance. 2025 WL 1762202, at *6. Judge Vilardo found that the plaintiff "was not entirely without funds" and had "made some efforts to comply" by belatedly filing Rule 26 disclosures, and concluded that "some other sanction . . . would be fairer and more appropriate." Id.

Here, Plaintiff has made more than "some efforts"—he has fully complied by serving complete discovery responses. The rationale in Daniels applies with even greater force here. Dismissal with prejudice is disproportionate and unjust.

### C. Rule 37(b)(2)(A) Lesser Sanctions Are Available and Appropriate

- Defendant argues that lesser sanctions under Rule 37(b)(2)(A) would be ineffective because Plaintiff has limited financial resources (making fee awards unenforceable) and because other sanctions would require additional motion practice. (Dkt. 203, pp. 4–5). This argument is unpersuasive.
- Cost-Shifting (Even If Not Fully Collectible): An award of costs and fees in CMS's favor, even if not immediately collectible, serves a deterrent function and puts Plaintiff on notice that further non-compliance will have financial consequences.
- Adverse Inference or Evidence Preclusion: If Plaintiff's delay prevented him from gathering certain evidence or documents, the Court can preclude that evidence or give an adverse inference instruction at trial. This addresses prejudice without terminating the case.
- Conditional Dismissal Without Prejudice: If the Court determines that some sanction beyond costs is necessary, dismissal without prejudice (allowing Plaintiff to re-file if he fully complies with all discovery and procedural obligations) is far less draconian than dismissal with prejudice, which bars Plaintiff from ever pursuing his statutory FDCPA claims on the merits.

## IV. PLAINTIFF'S OBJECTIONS COMPLY WITH RULE 72(b) AND LOCAL RULES

Defendant argues that Plaintiff's Objections (Dkt. 201) fail to comply with Rule 72(b) and Local Rules of Civil Procedure because Plaintiff did not identify specific portions of the R&R or provide detailed bases for objection. (Dkt. 203, p. 6). This argument lacks merit.

### A. Plaintiff's Objections Are Sufficient Under Rule 72(b)

Federal Rule of Civil Procedure 72(b)(2) requires that objections to a magistrate judge's report "specify the part of the order, proposed findings, recommendations, or report to which a person objects and state the basis for the objection." Fed. R. Civ. P. 72(b)(2).

Plaintiff's Objections (Dkt. 201) object to the Magistrate Judge's ultimate recommendation of dismissal with prejudice on the grounds that:

- Dismissal with prejudice is disproportionate to any discovery delay;
- Lesser sanctions are available and sufficient;
- The Magistrate Judge failed to consider Plaintiff's pro se status and limited resources; and
- Plaintiff has now cured the discovery deficiency by serving complete responses.

These objections are sufficient to put the Court and Defendant on notice of the challenged findings and the legal and factual bases for those challenges.

Plaintiff further notes that his Objections and this Reply are intended to comply with Federal Rule of Civil Procedure 72(b) and this Court's Local Civil Rules, including Local Rule 72.3, by identifying the specific portions of the Report and Recommendation to which he objects and stating the bases for those objections. Plaintiff also understands that, under the Local Rules governing discovery practice, discovery requests and responses are exchanged between the parties and are not routinely filed with the Court except when relied upon in connection with a motion or when the Court otherwise directs.

**B. The February 5, 2026 Discovery Responses Are Relevant to This Court's De Novo Review**

Defendant contends that Plaintiff's February 5, 2026 discovery responses "are not part of the record and should be stricken." (Dkt. 203, p. 6). This argument ignores the procedural posture of Rule 72(b) objections.

Under Rule 72(b)(3), the district judge "must determine de novo any part of the magistrate judge's disposition that has been properly objected to." Fed. R. Civ. P. 72(b)(3) (emphasis added). In conducting de novo review, the district court may consider the current state of the case, including events occurring after the magistrate judge's recommendation. See United States v. Raddatz, 447 U.S. 667, 675–76 (1980) (district court conducts fresh review and may consider new evidence).

The fact that Plaintiff has now served complete discovery responses is directly relevant to whether dismissal with prejudice remains appropriate. To ignore that compliance would elevate form over substance and punish Plaintiff for a deficiency that no longer exists.

**CONCLUSION**

Plaintiff respectfully requests that this Court:

1. Reject the Report and Recommendation (Dkt. 199) insofar as it recommends dismissal with prejudice;
2. Find that Plaintiff has substantially cured any discovery deficiency by serving complete discovery responses on February 5, 2026;
3. Impose a lesser sanction, if any sanction is warranted, such as:

   - If the Court concludes that some sanction is necessary, Plaintiff respectfully requests that any sanction be limited to non-monetary measures, such as: (a) setting a firm, final schedule for any remaining discovery, and (b) precluding Plaintiff from relying on evidence not disclosed in his February 5, 2026 discovery responses. Monetary sanctions would be effectively punitive given Plaintiff's in forma pauperis status and would not serve the remedial purposes of Rule 37.
   - A short stay to allow Defendant time to review Plaintiff's discovery responses and conduct depositions; or
   - An order precluding Plaintiff from using any evidence not already disclosed or produced in discovery; and

4. Allow this case to proceed on the merits so that Plaintiff's substantive FDCPA claims can be adjudicated through summary judgment or trial.

Dismissal with prejudice is a drastic sanction reserved for the most egregious cases of willful bad faith and irreparable prejudice. Neither exists here. Plaintiff has complied with discovery, and the case can now move forward. Justice and the interests of judicial economy favor allowing this case to proceed.

Contrary to Defendant's characterization, Plaintiff has actively prosecuted this case. He has: (1) participated in conferences and complied with multiple scheduling orders; (2) responded to Defendant's motions, including the motion to dismiss and sanctions motions; and (3) now served complete responses to Defendant's first interrogatories and document requests. Plaintiff's recent delay in completing written discovery occurred while he was simultaneously litigating multiple related federal consumer-protection cases, but he has continued to move this action forward and has never abandoned his claims.

Respectfully submitted this Dated: this 11th Day of July 2025.

Frederick Silver<br>
21905 Mountain Hwy E, Unit 4143<br>
Spanaway, WA 98387-7583<br>
(702)473-0365<br>
ASCLV1@gmail.com

## CERTIFICATE OF SERVICE.

I hereby certify that on the 6th day of February 2026, I served a true and correct copy of Plaintiff's Reply in Support of Objections to Magistrate Judge McCarthy's Report, Recommendation and Order by a copy of this motion was filed through the Clerk CM/ECF filing system of the U.S. District Court for the Western District of New York, Niagara Square, Buffalo, NY 1420 for filing after which a notification of said document would be e-mailed to Glenn M. Fjermedal attorney for said defendant.

Dated: this 6th Day of February 2026.

Frederick Silver<br>
21905 Mountain Hwy E, Unit 4143<br>
Spanaway, WA 98387-7583<br>
(702)473-0365<br>
ASCLV1@gmail.com

Retail



14202

U.S. POSTAGE PAID
FCM LG ENV
SPANAWAY, WA 98387
FEB 09, 2026

**$2.17**

S2324M503739-55

RDC 99



USDC - WDNY
FEB 17 2026
BUFFALO

U.S. Courthouse
Square,
NY 14202

**FREDERICK O. SILVER**
**21905 MOUNTAIN HWY E UNIT 4143,**
**SPANAWAY, WA 98387-7583**



Clerk of Court U
2 Niagar:
Buffalo, I



21-cv-3