UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

FREDERICK O. SILVER,

Plaintiff,

v.

JEFFREY A. HAUSER et al.,

Defendants.

21-CV-319-LJV-JJM
DECISION & ORDER

On February 26, 2021, the pro se plaintiff, Frederick O. Silver, commenced this action against Capital Management Services, LP ("CMS"), and four CMS employees. Docket Item 1. Silver alleged that the defendants violated the Fair Debt Collection Practices Act ("FDCPA") and Texas state law when they tried to collect a credit card debt that he owed to Barclays Bank Delaware. *See id.* On June 1, 2021, the Court referred this case to United States Magistrate Judge Jeremiah J. McCarthy for all proceedings under 28 U.S.C. § 636(b)(1)(A) and (B). Docket Item 34.

On December 22, 2025, Judge McCarthy issued a Report and Recommendation ("R&R"), Docket Item 199, finding that CMS's motion to dismiss, Docket Item 189, should be granted, or in the alternative, that Silver's motion to strike Capital Management's affirmative defenses, Docket Item 177, should be granted in part and denied in part.[1] Silver objected to the R&R, Docket Item 201, and subsequently moved

[1] Judge McCarthy's R&R also included an order, Docket Item 199 at 19-21, denying in its entirety Silver's motion to compel discovery and for sanctions, Docket Item 194. For that reason, Judge McCarthy called his decision a Report and Recommendation and Order. *See* Docket Item 199. Because this Court addresses only that portion of Judge McCarthy's decision that reports and recommends, it refers to it as an R&R.

for leave to supplement his objections, Docket Item 207. Silver also asked the Court to give him access to the Court's electronic filing system ("CM/ECF") and to waive the fees he incurred by using the online system that allows the public to view court records ("PACER"). Docket Item 206.

For the reasons that follow, Silver's motions to waive his outstanding balance of PACER fees, Docket Item 206, and to supplement his objections, Docket Item 207, are denied. The Court adopts Judge McCarthy's recommendation to grant CMS's motion to dismiss, Docket Item 189, and the Clerk of the Court shall close this case. Silver's motions to strike affirmative defenses, Docket Item 177, and for access to CM/ECF, Docket Item 206, are denied as moot.

## SILVER'S MOTION TO WAIVE PACER FEES

On February 26, 2026, Silver moved for waiver or remission of his accrued PACER fees. Docket Item 206. For the reasons that follow, that motion is denied.

Silver received a delinquency notice from the PACER Service Center, dated February 17, 2026, indicating that "further access to PACER w[ould] be denied" if he did not pay his overdue balance of $61.00—which he incurred from October 1, 2025, to December 31, 2025—by March 6, 2026. Docket Item 206 at 5-6. In support of his motion to waive or remit those fees, Silver says that without access to PACER, he would be "effectively prevent[ed] from monitoring dockets, reviewing orders, and responding to motions"—in other words, he would be denied "meaningful access to the courts." *Id.* ¶¶ 5-6. Although the Court has granted Silver's motion to proceed in forma pauperis because he demonstrated that he could not afford to pay the filing fee, *see* Docket Item 3, he has not shown that he cannot afford to pay modest PACER fees or

the $61.00 PACER balance. Therefore, the Court denies Silver's request to waive or remit his PACER fees.

**SILVER'S MOTION FOR LEAVE TO FILE SUPPLEMENTAL SUBMISSION**

Silver objected to the R&R in January 2026. Docket Item 201. Four months later—after the objections had been fully briefed—Silver moved for leave to file a "supplemental submission in further support of [his] objections." Docket Item 207 at 2 (capitalization omitted); *see* Docket Item 207-1.[2] Silver says that his supplemental objections "address[] a material factual development[: his] service of complete, verified discovery responses." Docket Item 1 ¶ 4. According to Silver, his discovery responses are "directly relevant to whether [Judge McCarthy's recommendation of] dismissal with prejudice is warranted." *See id.* In other words, Silver says that he now has remedied the discovery violation that led to Judge McCarthy's recommendation to dismiss and that "[d]enial of permission to file [supplemental objections] would prevent this Court from having a complete record when ruling on the pending R&R." *Id.* ¶ 7.

The law is clear that district courts typically do not consider new arguments or evidence raised in objections to a magistrate judge's R&R. *See, e.g.*, *McBryde-O'Neal v. Polichetti*, 2025 WL 752055, at *4 (S.D.N.Y. Mar. 10, 2025) ("[C]ourts generally do not consider new evidence raised in objections to a magistrate judge's report and

[2] Based on Silver's history of vexatious and duplicative lawsuits, this Court previously adopted Judge McCarthy's recommendation to enjoin Silver "from making further filings in this or any other case in this District—except notices of appeal, notices of change of address, or documents the Court orders him to file—without first obtaining the Court's permission." Docket Item 140 at 2. As a result, since June 2024, Silver has been required to obtain permission before filing anything in this Court. In this instance, however, any litigant would be required to obtain permission before filing a supplemental brief out of time.

recommendation."); *Dallio v. Hebert*, 678 F. Supp. 2d 35, 42 (N.D.N.Y. 2009) ("[A] district court will ordinarily refuse to consider arguments, case law and/or evidentiary material that could have been, but was not, presented to the [m]agistrate [j]udge in the first instance." (quoting *Cusamano v. Sobek*, 604 F. Supp. 2d 416, 425 n.1 (N.D.N.Y. 2009))). And that rule makes good sense. A district judge's considering "'new evidence or arguments would reduce the magistrate's work to something akin to a meaningless dress rehearsal,' and would frustrate the congressional objective behind [18 U.S.C.] § 636(b)(1) which is intended to alleviate the congestion of litigation in the district courts." *Matthews v. Barq*, 2021 WL 1135452, at *1 (N.D.N.Y. Mar. 25, 2021) (quoting *Michalow v. East Coast Restoration & Consulting Corp.*, 2018 WL 1559762, at * 6 (E.D.N.Y. Mar. 31, 2018)). Especially because Silver gives no reason why what he submits now could not have been submitted to Judge McCarthy, the Court follows that rule here.

What is more, Silver's submission of discovery responses—which he had ample opportunity to do before Judge McCarthy—five months after the R&R recommended dismissal for failing to comply with discovery orders is simply too little too late. The Court therefore denies Silver's motion to supplement his objections, Docket Item 207.

## **THE DEFENDANTS' MOTION TO DISMISS**[3]

A district court may accept, reject, or modify the findings or recommendations of a magistrate judge. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3). The court must

[3] The Court assumes the reader's familiarity with the factual background of this case and Judge McCarthy's analysis in the R&R. *See* Docket Item 199.

review de novo those portions of a magistrate judge's recommendation to which a party objects. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3).

On August 14, 2025, CMS moved to dismiss the complaint under Federal Rules of Civil Procedure 37(b) and 41(b) "for failure to prosecute and comply with [Judge McCarthy]'s [d]iscovery [o]rder[, Docket Item] 187." Docket Item 189. That motion was based on Silver's failure to "respond[] in any manner to [CMS's] first set of interrogatories and first request for production of documents." Docket Item 189-1 at 1 (some capitalization omitted).

On December 22, 2025, Judge McCarthy recommended that CMS's motion be granted and the complaint dismissed. Docket Item 199 at 1-3. More specifically, he found that the willfulness and duration of Silver's noncompliance, the Court's warning about consequences, the prejudice to defendants, the Court's interest in managing its docket, and the ineffectiveness of lesser sanctions all weighed in favor of dismissal. *Id.* at 8-14.

Silver objected to Judge McCarthy's recommendation for four reasons: (1) the "R&R misapplie[d] the willfulness and prejudice factors" of Federal Rules of Civil Procedure 37 and 41(b), (2) "[l]esser sanctions are both available and adequate," (3) the ultimate sanction of dismissal would conflict with this Court's prior rulings and Second Circuit caselaw, and (4) Silver's "misunderstanding of FDCPA verification should be treated as legal error, not as bad faith." Docket Item 201 at 2-5. This Court disagrees that Judge McCarthy erred in addressing those factors.

Rule 37 provides that "if a party . . . fails to obey an order to provide or permit discovery," the court may impose sanctions, including by

> (i) directing that the matters embraced in the order or other designated facts be taken as established for purposes of the action, as the prevailing party claims;
>
> (ii) prohibiting the disobedient party from supporting or opposing designated claims or defenses, or from introducing designated matters in evidence;
>
> (iii) striking pleadings in whole or in part;
>
> (iv) staying further proceedings until the order is obeyed;
>
> (v) dismissing the action or proceeding in whole or in part;
>
> (vi) rendering a default judgment against the disobedient party; or
>
> (vii) treating as contempt of court the failure to obey any order except an order to submit to a physical or mental examination.

Fed. R. Civ. P. 37(b)(2)(A)(i)-(vii). Along the same lines, Rule 41 contemplates dismissal of an action when a plaintiff fails to prosecute the case or flouts court orders: "[i]f the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it." Fed. R. Civ. P. 41(b).

As Judge McCarthy explained in the R&R, courts consider similar factors under both rules to determine whether dismissal is appropriate. *See* Docket Item 199 at 7. For example, under Rule 37 courts consider:

> (1) the willfulness of the non-compliant party or the reason for noncompliance; (2) the efficacy of lesser sanctions; (3) the duration of the period of noncompliance, and (4) whether the non-compliant party had been warned of the consequences of . . . noncompliance.

*See Agiwal v. Mid Island Mortg. Corp.*, 555 F.3d 298, 302-03 (2d Cir. 2009) (alteration in original) (quoting *Nieves v. City of New York*, 208 F.R.D. 531, 535 (S.D.N.Y. 2002)); *see also Cadet v. All. Nursing Staffing of N.Y., Inc.*, 2024 WL 81487, at *8-11 (S.D.N.Y. Jan. 8, 2024) (applying factors), *appeal dismissed*, 2024 WL 5392746 (2d Cir. June 18, 2024). "Because Rule 37 'requires only that the district court's orders be "just," . . . and

because the district court has wide discretion in imposing sanctions under Rule 37, these factors are not exclusive, and they need not each be resolved against the party'" against whom sanctions are sought. *See Manigaulte v. C.W. Post of Long Island Univ.*, 533 F. App'x 4, 5 (2d Cir. 2013) (summary order) (quoting *S. New Eng. Tel. Co. v. Global NAPs Inc.*, 624 F.3d 123, 144 (2d Cir. 2010)). Under Rule 41(b), courts weigh:

> (1) [whether] the plaintiff's failure to prosecute caused a delay of significant duration; (2) [whether the] plaintiff was given notice that further delay would result in dismissal; (3) [whether the] defendant was likely to be prejudiced by further delay; (4) the need to alleviate court calendar congestion [as] carefully balanced against [the] plaintiff's right to an opportunity for a day in court; and (5) . . . the efficacy of lesser sanctions.

*See Lewis v. Rawson*, 564 F.3d 569, 576 (2d Cir. 2009) (quoting *United States ex rel. Drake v. Norden Sys., Inc.*, 375 F.3d 248, 254 (2d Cir. 2004)); *see also Hines v. City of New York*, 2014 WL 347438, at *4-5 (E.D.N.Y. Jan. 30, 2014) (applying factors). And as under Rule 37, in evaluating the appropriateness of a Rule 41(b) dismissal, "[n]o single factor is dispositive" and courts should examine "the record as a whole." *See Manigaulte*, 522 F. App'x at *6.

These rules apply to all litigants, including those who represent themselves. Indeed, "[p]ro se litigants . . . are not immune [from] dismissal as a sanction" under either Rule 37 or Rule 41. *See Agiwal*, 555 F.3d at 302 (Rule 37); *LeSane v. Hall's Sec. Analyst, Inc.*, 239 F.3d 206, 209 (2d Cir. 2001) (Rule 41). The Second Circuit has made clear that "[a]ll litigants, including pro se[ litigants], have an obligation to comply with court orders" and that, "so long as a warning has been given that non[]compliance can result in dismissal," pro se cases may be dismissed when appropriate under the circumstances. *See Agiwal*, 555 F.3d at 302 (italics omitted) (first quoting *Minotti v.*

*Lensink*, 895 F.2d 100, 103 (2d Cir. 1990); and then quoting *Valentine v. Museum of Mod. Art*, 29 F.3d 47, 50 (2d Cir. 1994)).

For the reasons explained in detail in the R&R, Docket Item 199 at 8-14, those factors favor dismissal here. Silver's failure to comply with court orders appears to have been willful, it lasted for many months, and Silver was given fair warning. *See* Docket Item 199 at 9. Silver offered nothing to rebut the presumption of prejudice to the defendants, and there is no indication that lesser sanctions would be effective.[4] *Id*. at 11-14. Judge McCarthy addressed these issues with considerable care and attention, and this Court agrees with his analysis and conclusions.

This Court understands the challenges facing pro se litigants and gives them the benefit of every doubt. Nonetheless, the Court finds that Judge McCarthy appropriately weighed the relevant factors in this case and agrees with his conclusion that the only appropriate sanction for Silver's repeated failure to participate in discovery and to follow court orders is the dismissal of his case.

---

[4] As Judge McCarthy observes, Docket Item 199 at 13-14, this case is different from *Daniels v. Daemen University*, 2025 WL 1762202, at *6 (W.D.N.Y. 2025), in which this Court found a lesser sanction appropriate for a pro se plaintiff's "less than diligent" approach to discovery. Among other things, the Court noted in *Daniels* that the plaintiff had "indicated her willingness to pay her opponent's attorney's fees as a sanction here." *Id.* Thus, the Court found "that some other sanction—for example, a modest and limited award of attorney's fees—would be fairer and more appropriate" and "refer[red] the case back to Judge McCarthy to determine an appropriate sanction, such as an amount of attorney's fees that [the plaintiff] must pay to [the defendant]." *Id.* Here, the Court agrees with Judge McCarthy that after "consider[ing] lesser sanctions, none are appropriate in this case." Docket Item 199 at 12.

## REMAINING MOTIONS

Because this Court grants CMS's motion to dismiss, Silver's remaining motions to strike affirmative defenses, Docket Item 177, and for access to CM/ECF, Docket Item 206, are denied as moot.

## CONCLUSION

For the reasons explained above, Silver's motions for waiver or remission of PACER fees, Docket Item 206, and for leave to supplement his objections to the R&R, Docket Item 207, are DENIED. The Court ADOPTS Judge McCarthy's R&R, Docket Item 199, and GRANTS CMS's motion to dismiss, Docket Item 189. Because the Court grants the motion to dismiss, Silver's motions to strike affirmative defenses, Docket Item 177, and for access to CM/ECF, Docket Item 206, are DENIED AS MOOT.

The Clerk of Court shall enter judgment and close this case. The Court hereby certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith and therefore denies leave to appeal as a poor person. *Coppedge v. United States,* 369 U.S. 438 (1962).

SO ORDERED.

Dated: September 30, 2026
Buffalo, New York

***/s/ Lawrence J. Vilardo***
LAWRENCE J. VILARDO
UNITED STATES DISTRICT JUDGE